UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Teleplus Consulting, Inc.,

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil File No. 02-CV-212 ~~(JRT/SRN)~~ JNE/JGL

**STIPULATION AND**
**PROTECTIVE ORDER**

WHEREAS, this matter comes before the Court upon the request of all parties for a protective order pursuant to Red. R. Civ. P. 26(c) incorporating the terms of the following stipulation concerning trade secrets; and,

WHEREAS, Plaintiff and Defendant agree that this action may require the disclosure of trade secrets, so regarded by the producing party;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their undersigned counsel, and subject to the approval of the Court, as follows:

1. This Protective Order shall govern the disclosure and use of all documents, deposition testimony, interrogatory answers, and all other information, in and form, disclosed in this action ("Disclosures.")

2. Disclosures produced or provided by any party as part of discovery or filed with the Court in this action may be designated by that party as "Confidential" if the designating party in good faith believes that the Disclosures contain trade secrets of that party. The definition of "trade secret" contained in Minn. Stat. §325C.01, subd. 5 shall be used for purposes of this Order.

FILED JUL 31 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

3. Disclosures designated "Confidential" pursuant to this Order, copies or extracts therefrom, compilations and summaries thereof, and all of the information contained therein, shall be used solely for the purpose of prosecuting or defending this action and shall not be disclosed to the public, communicated in any way to persons not parties to this action, or otherwise put into the public domain. Disclosures designated "Confidential" only may be made available or communicated to the following authorized persons:

(a) Attorneys of record (including attorneys designated in pleadings as "of counsel") for a party in this lawsuit and employees or independent contractors (such as documents copying services) of such attorneys to whom it is necessary that the material be shown for purposes of this action;

(b) In-house attorneys for any party as well as the and employees or independent contractors (such as documents copying services) of such in-house attorneys;

(c) Plaintiff's employees, officers, directors, and authorized representatives provided that they execute the acknowledgment attached to this Order;

(d) The individual Defendants and controlling shareholders of the corporate Defendant provided that they execute the acknowledgment attached to this Order;

(e) Persons retained by a party or its attorney of record to assist in this action (such as independent technical experts, economists, accountants, expert witnesses and other consultants, and the employees or independent contractors of such persons), provided that the attorney of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this action and further provided that each such retained person executes the acknowledgment attached to this Order;

(f) Trial witnesses and their counsel to whom counsel of record in good faith believes it is necessary to share the Disclosures for purposes of this action, provided such persons execute the acknowledgment attached to this Order;

(g) This Court and its employees; and

(h) Court reporters transcribing testimony taken in this action and notarizing officers provided such persons executes the acknowledgment attached to this Order.

4. Notwithstanding the foregoing, the restrictions on disclosure set forth in this Order shall not:

(a) apply to information that was or becomes public knowledge not in violation of this Order;

(b) apply to information acquired by the non-designating party from a third party having the right to disclose such information or material;

(c) restrict a party from using its own documents in any way;

(d) prevent disclosure of any document to its author; or

(e) prevent modification of any designation as "Confidential" on written consent of the producing party without further decision of the Court.

5. No designation of information as "Confidential" shall be effective unless a "CONFIDENTIAL" label or notice is put on the Disclosure containing such information. Any "Confidential" designation that is inadvertently omitted may be corrected by written notice to opposing counsel.

6. Each page, or each component if not in page for, of all Disclosures designated "Confidential" shall be marked prominently "Confidential." The markings shall apply to the so-designated Disclosures and to all other items that reproduce or paraphrase, summarize, or otherwise contain material which has been designated as "Confidential."

7. All Disclosures designated "Confidential" shall be kept in secure facilities and access to those facilities shall be permitted only to those persons set forth in paragraph 3 of this Order.

8. The attorney or record for a party or counsel for a witness may orally on the record designate deposition testimony or exhibits as "Confidential" during the course of a deposition. Moreover, all depositions shall be treated in their entirety as "Confidential" for a period of 21 days after receipt of the transcript by the attorney of record. During that 21 day period, the attorney of record for any party may designate portions of the deposition as "Confidential" by written notification to all other attorneys of record, of the page(s) and line(s) of those portions so designated. Any portion of the transcript so designated shall not be filed with the court except in accordance with paragraph 10 of this Agreement. Any portion of the transcript not designated as "Confidential" during the 21-day period shall be considered not confidential.

9. If any Disclosure designated "Confidential" pursuant to this Order is used during the course of a deposition, the portion of the deposition transcript reflecting such information shall be sealed and stamped "Confidential" and access thereto shall be limited pursuant to the terms of this Order.

10. Any items in this action which attach, paraphrase, or contain any material designated as "Confidential" by a party shall, if filed with the Court, be filed under seal in a sealed envelope which shall be labeled with the caption of this action, a description of the contents of the envelope, and the following (or an equivalent) statement:

> CONFIDENTIAL - THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO A PROTECTIVE ORDER DATED ____________, 2003, AND SHALL NOT BE DISCLOSED EXCEPT IN ACCORDANCE WITH THE TERMS OF SUCH PROTECTIVE ORDER OR BY COURT ORDER.

11. Before disclosing material subject to this Order to any authorized person identified in Paragraph 3 (c), (d), (e), and (f), the attorney of record for the party making such disclosure shall provide each such authorized person with a copy of this Order and shall advise each such authorized person that they are prohibited from disclosing any such material to any other person. Each such authorized person shall agree in writing to comply with the terms of this Order by executing the acknowledgment attached to this Order. The original acknowledgments shall be maintained by the attorney for the party who designated such authorized person.

12. If the disclosing party believes, in good faith, that a Disclosure contains extremely sensitive, proprietary trade secret information for which there is a compelling business reason to restrict the receiving party's access to that Disclosure, the disclosing party may designate a higher degree of protection as "Confidential - Attorney's Eyes Only." Such a designation shall operate to restrict access to the Disclosure (and all information contained therein or summaries thereof) to outside counsel for the receiving party, and shall disallow access to the receiving party itself and any in-house counsel for that party.

13. Any party may challenge at any time the propriety of a designation of Disclosures as "Confidential" or "Confidential - Attorney's Eyes Only." Before seeking relief from the Court on such a challenge, the parties shall attempt to resolve the dispute in good faith on an informal basis. The "Confidential" or "Confidential - Attorney's Eyes Only" designation shall continue to control pending the resolution of the challenge. The fact that a party agrees to abide by the terms of this Order and receives Disclosures designated as "Confidential" or "Confidential - Attorney's Eyes Only" under it shall not be deemed an admission by the receiving party that any Disclosure is correctly so designated.

14. In the event a party receiving Disclosures covered by this Order is subpoenaed to testify or produce such Disclosures, the subpoenaed party shall immediately notify the disclosing

party that designated such Disclosures as "Confidential" or "Confidential - Attorney's Eyes Only." Upon the final determination of this action, including all appeals, all Disclosures designated as "Confidential" and "Confidential - Attorney's Eyes Only" (including copies) shall, if requested by the producing party, be returned to the attorney of record for the producing party or shall be destroyed, in which case the attorney or record for the receiving party shall certify by affidavit or affirmation to the producing party that all such Disclosures have been destroyed. The provisions of this Order restricting the disclosure or use of confidential material shall continue to be binding after final determination of this action including all appeals.

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By ______________________
Christopher K. Sandberg (95485)
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401

Dated: June 18, 2003

DORSEY & WHITNEY, LLP

By ______________________
Robert E. Cattanach
Suite 1500
50 South Fifth Street
Minneapolis, MN 55402

Dated: June 15, 2003

SO ORDERED THIS 30 DAY OF July, 2003.

BY THE COURT:

______________________
The Honorable Jonathan Lebedoff
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

------------------------------

Teleplus Consulting, Inc.,

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

------------------------------

Civil File No. 02-CV-212 (JRT/SRN)

**ACKNOWLEDGMENT CONCERNING CONFIDENTIAL INFORMATION**

The undersigned, whose assistance is required in the prosecution or defense of the above-captioned action, acknowledges:

1. I have read the foregoing Protective Order;

2. I understand and agree to the terms of the Protective Order, and I specifically agree to make no disclosure or improper use of any item designated "Confidential."

Dated: ______________________, 2003

______________________________
Signature

______________________________
Printed Name

______________________________

______________________________
City and Street Address

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Teleplus Consulting, Inc.,

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil File No. 02-CV-212 (JRT/SRN)

**ACKNOWLEDGMENT CONCERNING CONFIDENTIAL INFORMATION**

The undersigned, whose assistance is required in the prosecution or defense of the above-captioned action, acknowledges:

1. I have read the foregoing Protective Order;

2. I understand and agree to the terms of the Protective Order, and I specifically agree to make no disclosure or improper use of any item designated "Confidential."

Dated: June 19, 2003

Shannon M. Heim
Signature

Shannon M. Heim
Printed Name

Dorsey & Whitney
Minneapolis, MN 55402
City and Street Address

# UNITED STATES DISTRICT COURT

## District of Minnesota

700 Federal Building
716 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55082

# CLERK'S NOTICE IN RE: PROTECTIVE ORDER

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. **Failure to do so may result in documents NOT getting filed under seal.**

## Guidelines for Submission of Sealed Documents:

A. File ORIGINALS with the Clerk. Copies are for the Judge or Magistrate Judge.

B. Each ORIGINAL document is to be **sealed** (closed, fastened, taped, or otherwise secured) in a separate envelope of comparable size no larger than 9 x 12.
*LR 5.1: All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. This rule does not apply to: (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.*

C. EACH original document MUST be in a separate envelope, and the front of EACH envelope must include the following information:
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal). Note: Motions, affidavits and memoranda are each considered a separate document.
- The word "**SEALED**" or "**CONFIDENTIAL**"

D. Copies MUST be together as a separate set in an envelope **addressed to the Judge or Magistrate Judge**.