**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Teleplus Consulting, Inc.,

Plaintiff,

Civil File No. 02-CV-212 (JNE/JGL)

v.

Conseco Services, LLC,

Defendant.

**CONSECO SERVICES OPPOSITION TO MOTION TO COMPEL**

Conseco Services, LLC ("Conseco") respectfully submits its Opposition to the Motion to Compel Discovery filed by Teleplus Consulting, Inc. ("Teleplus"). Contrary to Teleplus' representations that it only recently discovered the significance of certain witnesses and that Conseco has failed to produce electronic documents, the witnesses at issue have been well known to Teleplus from the outset of this litigation, and there are no documents left to produce.

## I. INTRODUCTION

In response to the discovery served by Teleplus with the filing of the Complaint,[1] Conseco provided thousands of pages of documents, dozens of CD Roms, and a full opportunity to depose witnesses, including Mr. Sanderson and Mr. Maybin. Both Mr. Sanderson and Mr. Maybin were expressly identified in Conseco's initial Rule 26

---

1 *See* Teleplus Interrogatories and Document Requests, attached to Affidavit of Christopher Sandberg filed with Teleplus' Motion to Compel.

disclosures,[2] and at *numerous* other occasions throughout the discovery process as described more fully below. The parties agreed, and the Court ordered, that discovery would close on September 2, 2003.[3] The case has been trial ready since February 2, 2004. Plaintiff's request thus not only completely lacks foundation, but also arrives at the Court at least a year too late.

Finally, because of the significant internal disruptions that Conseco has undergone by virtue of its bankruptcy proceedings, Teleplus' delay in bringing this motion would significantly prejudice Conseco if it is forced to attempt to locate and/or recreate electronic databases and equipment that may no longer exist, and which were serviced by employees that may no longer be with the company.

## II. ARGUMENT

Teleplus' Motion to Compel claims that Conseco: (1) allegedly failed to disclose the role that Michael Sanderson and Richard Maybin played in the negotiation of Conseco's telecommunications contracts; and (2) improperly failed to comply with Teleplus' Document Requests. Neither premise can withstand critical scrutiny. Moreover, Teleplus waived whatever right it might have had to object to Conseco's discovery responses by waiting until over a year after discovery had closed before bringing this motion. Teleplus has provided no evidence or legal precedent that warrants the reopening of discovery.

---

2 *See* Conseco's Rule 26(a)(1) Disclosure (attached to the Affidavit of Shannon M. Heim in Support of Conseco's Opposition to Motion to Compel ("Heim Aff.") as Exhibit 1).

3 Stipulation Regarding Discovery and Schedule, attached as Exhibit 2 to Heim Aff.; and Scheduling Order, attached as Exhibit 3 to Heim Aff.

### A. Teleplus' Opportunity to Compel Discovery Has Expired

Conseco filed its Rule 26(a)(1) Disclosure on February 22, 2002, and in response to Teleplus' initial discovery, Conseco provided interrogatory responses and documents on May 22, 2002. Discovery ultimately closed in 2003. Depositions took place throughout 2002 and 2003.

As with any case, the parties negotiated over the proper scope of discovery and adequacy of responses.[4] In particular Conseco objected to the overly broad and burdensome nature of several of Teleplus' discovery requests. *See* Conseco Responses to Teleplus Interrogatories and Document Requests (May 22, 2002), attached as Exhibit 4 to Heim Aff. At no time subsequent to Conseco's initial objections to the scope of requested discovery did Teleplus raise any significant concerns – much less pursue the "meet and confer" steps that must precede a motion to compel – until well after the close of discovery, at which time Teleplus apparently realized that it had no evidence to support its case .

#### 1. Local Rule 37.1 Specifically Prohibits Untimely Discovery Motions

Local Rule of Civil Procedure 37.1 requires "any motions presenting discovery disputes shall be filed prior to the discovery termination date." L.R. 37.1. Thus, Teleplus should have served and filed its Motion to Compel prior to September 2, 2003. *See* Scheduling Order, attached as Exhibit 3 to Heim Aff. Courts have consistently denied

---

4 Conseco sought the intervention of the Court twice regarding discovery. Conseco filed a Motion to Compel Teleplus' discovery on July 28, 2003. The parties resolved the issues and entered into a Stipulation. Conseco sought to enforce the Stipulation with a second Motion to Compel on August 25, 2003. Again the parties resolved the disputed issues.

motions to compel made after the close of discovery. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389 (1978) ("Discovery, like all matters of procedure, has ultimate and necessary boundaries." (citation omitted)); *Prentice v. Pizza Hut of America*, 2003 WL 21309047 (8th Cir. 2003) (holding that District Court properly denied a Motion for depositions made after the close of discovery) attached as Exhibit 5 to Heim Aff.

In a case closely analogous to this one, the Eighth Circuit affirmed the denial of a Motion to Compel Discovery that was filed after the deadline for nondispositive motions passed. *Prentice*, 2003 WL at *1 (*citing Toghiyany v. AmeriGas Propane, Inc.*, 309 F.3d 1088, 1093 (8th Cir. 2002)). Defendant Pizza Hut represented it had produced the documents at issue and had provided Plaintiff Prentice with the name of the witness's employer, yet Plaintiff did not request depositions until after the deadline passed. *Prentice*, 2003 WL at *1. Just as in *Prentice*, Teleplus has failed to take advantage of the adequate opportunities presented in the discovery period to seek depositions and additional documents. And, just as in *Prentice*, Teleplus' request for post-cut-off discovery should be denied.

**B. Teleplus' Motion to Compel Lacks Any Factual Credibility**

Even a cursory examination of Teleplus' Memorandum establishes that virtually all of the important facts have been omitted, including:

- Conseco disclosed that Mr. Sanderson and Mr. Maybin were Conseco employees likely to possess information in its Rule 26(a)(1) Disclosure on February 22, 2002.

- Teleplus *itself* represented that Mr. Sanderson and Mr. Maybin were Conseco employees likely to possess information in its Rule 26(a)(1) Disclosure on March 11, 2002.

- Conseco identified Mr. Sanderson and Mr. Maybin as potential trial witnesses in Interrogatory Response Number 3 on May 22, 2002.

- Conseco identified Mr. Sanderson and Mr. Maybin as persons who negotiated on Conseco's behalf with telecommunications carriers in Interrogatory Response Number 14 on May 22, 2002.

- Messrs. Maybin and Sanderson were mentioned over a hundred times during depositions that occurred prior to the close of discovery.

- The third-party depositions that ostensibly revealed the significance of Sanderson and Maybin occurred prior to the close of discovery.

- Conseco has already diligently searched for the electronic "backup," and advised Teleplus that it does not exist.

The argument presented by Teleplus to the Court ignores all of these facts.

### 1. Conseco Fully Disclosed the Role of Michael Sanderson and Richard Maybin

Teleplus asserts that only after third-party depositions did Teleplus discover the "true scope of involvement of Conseco management." Teleplus Memorandum at 3. Undisputed facts refute this contention. Teleplus has been aware of the role of Messrs. Sanderson and Maybin well before it even commenced this litigation. Conseco specifically identified Sanderson and Maybin on a very short list of Conseco employees with information potentially relevant to the dispute when it submitted its initial Rule 26(a)(1) disclosures. Tellingly, *Teleplus itself* also listed Sanderson and Maybin as potential Conseco witnesses in its Rule 26(a)(1) disclosures. *See* Teleplus' Rule 26(a)(1) Disclosure, attached as Exhibit 6 to Heim Aff.

Conseco *again* identified these witnesses in response to Teleplus' Interrogatories, stating "Michael Sanderson will testify to contract negotiations and contracts between Conseco and telecommunications providers. … Richard Maybin will testify to contract negotiations between Conseco and AT&T." *See* Conseco's Interrogatory Responses No. 3, attached as Exhibit 4 to Heim Aff. When Teleplus requested a list of all persons who negotiated on Conseco's behalf, Conseco appropriately listed Michael Sanderson (analysis, contract negotiations, and review) and Richard Maybin (contract negotiations and review). *See* Conseco Interrogatory Response No. 14.

The two Teleplus principals, David Steen and William Hansen, both spoke at length about the role of Messrs. Sanderson and Maybin in their depositions. *See* Deposition of William Hansen at 220 (discussing Mr. Sanderson's role on the negotiating team); Steen deposition at 174-75 (discussing Mr. Maybin's critical role).[5] In the deposition of James Breakey, taken by Teleplus' attorney in 2002, the role of Sanderson and Maybin was raised more than 100 times over two days.[6]

Notwithstanding Teleplus' undisputed knowledge of the significant roles of Mr. Sanderson and Mr. Maybin, Teleplus now asserts that it was only through the testimony of third-party deponents that Teleplus understood the "true scope" of involvement of Conseco management. It is pure fiction to suggest that third parties' disclosures meant more than that of Conseco's and Teleplus' *own* disclosures under

5 "So I think there are a whole bunch of issues going on in the background that we were not aware of that caused this delay, but the fact of the matter is Breakey had the option to take the offer at 26 million, and ultimately he did, but I don't think it was his call. It was Maybin's call."

6 The deposition transcript reveals 31 occasions of Mr. Sanderson's name being mentioned while Mr. Maybin's name was mentioned 88 times.

Rule 26, Conseco's explicit responses to Interrogatories, the deposition of Conseco's key negotiator, Mr. Breakey, and the testimony of Teleplus' own two principals, Mr. Steen and Mr. Hanson.

Moreover, each of the third-party depositions referenced by Teleplus as supposedly disclosing the roles of Sanderson and Maybin occurred in **2002**, more than a *full year* before discovery concluded, and *two years* before Teleplus decided to seek their depositions. Underscoring the incredulity Teleplus' claims of only recently appreciating the role of Mr. Sanderson, Mr. Sanderson himself attended many of the depositions at which counsel for Teleplus *was present*.[7] Teleplus had about every opportunity imaginable to determine for itself the full role of Mr. Sanderson and Mr. Maybin well in advance of the close of discovery.

### 2. Conseco Provided Objections and/or Documents to Each Teleplus Request

In an effort to evade the consequences of its own dilatory conduct, Teleplus now claims that Conseco failed to respond to document discovery as fully as Teleplus would have preferred. Teleplus Memorandum at 2. Teleplus knows better. Conseco has repeatedly searched and assured Teleplus that no further documents exist.

> As I indicated in our previous phone call, we have already searched for the documents you requested and found none. Nevertheless, in an abundance of caution I instructed the personnel at Conseco to search once again. That was done. No additional documents were found. I'm not sure what else I can say that will make it more clear. There is nothing else to provide you.

[7] Mr. Sanderson attended the depositions of J. Breakey, J. Quinlivan, M. Smith and L. Tobin. Teleplus' principals, David Steen and William Hansen also attended those depositions, and obviously were fully aware of Mr. Sanderson's presence.

*See* June 4, 2004 Letter from R. Cattanach to C. Sandberg, attached as Exhibit 7 to Heim Aff. Conseco has made repeated efforts to locate any remaining electronic backup to the hard copy documents already produced to Teleplus. No such backup exists. In response to Teleplus requests, Conseco made the effort to ascertain whether or not Mr. Maybin's personal hard drive contained relevant, retrievable data. S*ee* Affidavit of Jeff Gabbard. It did not. *Id.* Teleplus provides no credible evidence whatsoever to support any claim that the representations of Conseco that no additional documents exist are in any way not correct, much less to explain why it waited more than a year past the conclusion of discovery to request that discovery be reopened.

Teleplus has waived its right to seek further discovery by waiting until now to object to the adequacy of Conseco's responses. Teleplus' initial Document Requests included several requests that Conseco could not possibly answer. Teleplus sought unrestrained, generic categories of documents with no relevance to the case, and unrestricted access to the computing devices of Conseco employees. *See Teleplus' Document Requests*, attached as Exhibit 1 to Sandberg Affidavit. For example, Teleplus demanded "complete and accurate copies, in electronic form of all of your e-mail databases for the Discovery Period." *Id.* at Document Request No. 3. Conseco responded with proper and timely objections. *See* Conseco Document Request Responses, attached as Exhibit 4 to Heim Aff. Teleplus had more than a year either to submit redrafted Document Requests or seek timely intervention of the Court if it believed Conseco's objections were unfounded. Teleplus chose to do neither.

Teleplus also asked Conseco for email correspondence Conseco had in its possession related to Teleplus. *See* Teleplus Document Request No. 4, attached as Exhibit 8 to Heim Aff. Like all large companies, Conseco's email system is routinely purged. The only way to provide responsive emails was to locate hard copies that may have survived. Conseco provided those documents it could locate and a copy of the company's electronic document retention policy on May 22, 2002, and continued to search for hard copies of email in the personal files of its employees.[8] Over a period of nearly three years, Conseco produced more than two thousand pages of documents.

Where appropriate, Conseco has also supplemented its discovery responses. *See e.g.* November 17, 2003 Letter from S. Heim to C. Sandberg (regarding Billing Documents), attached as Exhibit 10 to Heim Aff. For example, Conseco first provided billing records in 2002. Upon request, Conseco provided additional billing records that were generated during the period of time after its first production, which comprised dozens of CD Roms. *See* Letters from S. Heim to C. Sandberg Transmitting Billing Records, attached as Exhibit 11 to Heim Aff. As a demonstration of good faith, Conseco voluntarily negotiated with and obtained billing records from Green Tree Financial, which was divested as part of Conseco's bankruptcy. To suggest Conseco refuses to supplement its discovery blatantly contradicts the true facts.

### 3. Supplementation of Disclosures and Responses

---

8 Although the majority of documents were produced in 2002, Conseco continued to produce documents as they were discovered. For example, when a corporate attorney discovered a slim file containing her notes and hard copy emails regarding Teleplus, virtually none of which was responsive, in an abundance of caution Conseco produced the file to Teleplus. *See* February 24, 2004 Letter from R. Cattanach to C. Sandberg, attached as Exhibit 9 to Heim Aff.

Teleplus attempts to justify reopening discovery by claiming Conseco failed to supplement its discovery responses. *See* Teleplus Memorandum at 5. Only one document request, Number 4,[9] is subject to an obligation to supplement under Rule 26. *See generally Transclean Corp. v. Bridgewood Srvs. Inc.*, 101 F.Supp.2d 788, 798 (D. Minn. 200) (*holding* that a party has a duty to supplement a response if it learns that "the response is in some material respect incomplete.").

Conseco responded as fully as possible to Document Request Number 4 on May 22, 2002. Conseco supplemented its response and provided additional documents as the laborious search through hard copy files yielded them. Ironically, while Teleplus argues Conseco has failed to supplement its discovery, it relies primarily upon Conseco's unprompted and voluntary supplementation of Document Request Number 4 to argue that Conseco somehow concealed documents. The hard copy emails and handwritten documents Conseco discovered in the personal file of an internal attorney underscore the lack of logic in Teleplus' argument. The email, although not relevant to the case, presents a less-than-flattering picture of former Conseco employee Jim Breakey. *See* Exhibit 8 to Sandberg Aff. (a few select pages from a more voluminous supplementary document production). If Conseco was attempting to conceal troublesome documents as Teleplus now contends, it certainly did a poor job.

There is absolutely no evidence that Conseco has failed to appropriately supplement Document Request Number 4. Quite to the contrary, Conseco provided its

---

9 As noted earlier, Conseco objected to the remaining document requests, Numbers 1, 2, 3, 5 and 6, on a variety of grounds. Since Teleplus declined to pursue those Document Requests either by rewriting them in a manner Conseco could respond or seeking intervention by the Court, the Rules do not require supplementation.

email retention policy in 2002 with its initial document production. Conseco produced the email it possessed and began a more thorough search through the hard copy documents retained by individual employees. Conseco supplemented its discovery as documents were located. *See* June 12, 2002 Letter from A. Hall to C. Sandberg (transmitting documents); November 17, 2003 Letter from S. Heim to C. Sandberg (transmitting Billing CD Roms); December 17, 2003 Letter from S. Heim to C. Sandberg (discussing custody of requested Billing Records); December 23, 2003 Letter from S. Heim to C. Sandberg (discussing efforts to locate requested MCI and Verizon bills); January 13, 2004 Letter from S. Heim to C. Sandberg (providing updated Verizon Wireless Bills); February 24, 2004 Letter from R. Cattanach to C. Sandberg (transmitting recent telecommunications contracts) and February 26, 2004 Letter from R. Cattanach to C. Sandberg (transmitting hard copy file of corporate attorney).

Conseco has certified to Teleplus it has completed its full review and no further documents responsive to Teleplus' discovery exist. *See* June 4, 2004 Letter from R. Cattanach to C. Sandberg, attached as Exhibit 7 to Heim Aff. Notwithstanding this fact, Teleplus argues to the Court that the "advent of third party testimony declaring that e-mails occurred between the Defendants and themselves, Defendant's submissions must be deemed incomplete and inadequate." Teleplus Memorandum at 6. As discussed in detail above, the third party testimony cited by Teleplus was taken in 2002, well before the expiration of the discovery period. And even if Teleplus concerns' about the possible availability of more documents had any foundation in 2002 – which Conseco does not concede in any way – Conseco cannot produce that which no longer exists in 2004.

### C. Teleplus' Motion to Compel Is Legally Flawed

The legal argument regarding the cost of discovery advanced by Teleplus attempts to misdirect the Court from the essential factual issue of whether or not Teleplus failed to pursue timely discovery. Teleplus ignores the fundamental flaw of its request – it has simply waited too long – and focuses instead on which party should bear the cost of the extensive electronic discovery now being sought by Teleplus. Even ignoring Teleplus' delay, the law does not support its cost-shifting position.

#### 1. Teleplus Fails to Justify Allocation of Discovery Costs to Conseco

Teleplus now argues for the first time, that the hard copy documents produced, and duly supplemented, by Conseco to Teleplus are somehow suddenly insufficient. Thousands of pages of paper copies of emails have been exchanged between the parties. The format of those documents, hard copy versus electronic, bears no relevance to the dispute. If Teleplus wanted those documents to be produced in electronic format (to the extent it was even possible in 2002) it had ample opportunity to make that need known during the course of discovery. Teleplus offers no compelling reason to force Conseco and the Court to undertake a vast fishing expedition well past the point in time when discovery has long closed and the case is now ready for trial.

The case law cited by Teleplus in support of its Motion is easily distinguished from the facts presented here. In virtually every case cited by Teleplus the Party seeking electronic discovery did so early in the litigation and well within the discovery period. *See e.g. Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645 (D. Minn. 2002)

(Plaintiff concerned about retention of electronic documents sought "permission to conduct discovery prior to the conduct of the 26(f) conference). In the only case where a party sought to compel production of documents after the conclusion of discovery, *Pulsecard, Inc. v. Discovery Card Srvs.*, the Court denied the motions to compel as untimely. 168 F.R.D. 295, 302 (D. Kansas 1996).

Teleplus' claim that the facts of *Zubulake v. UBS Warburg*, 217 F.R.D. 309 (S.D.N.Y. 2003) closely resemble the circumstances presented here cannot withstand even superficial scrutiny. Teleplus Memorandum at 8. A reading of *Zubulake* demonstrates significant factual and procedural differences. In *Zubulake*, the parties engaged in an extensive discovery battle which resulted in an agreement that the Defendant would conduct extensive electronic searches and archival restoration and produce the results to the Plaintiff. 217 F.R.D. at 313. Defendant breached this agreement and failed to conduct the electronic searches. The Court enforced the agreement to search and allocated the costs to the Defendant. 217 F.R.D. at 313. The fact that the Plaintiff produced a "smoking gun" email to demonstrate the need for the discovery was considered an essential factor by the Court. 217 F.R.D. at 312 (Zubulake produced "an e-mail suggesting that she be fired 'ASAP' after her EEOC charge was filed."). No such evidence has been provided, or even alluded to, by Teleplus.

Teleplus engages in an extensive discussion of the *Rowe and Zubulake* factors for deciding which party should bear the financial burden for expensive electronic discovery, but that discussion begs the point. The discovery being pursued in those cases was timely, and the electronic data still existed in reasonably available form. Neither of those

facts are present here. Even without these critical factual distinctions, a brief examination of the *Zubulake* factors suggests that Teleplus has not met its preliminary burden to demonstrate the requested discovery is "specifically tailored," "available," the "importance" of the discovery to the issues at stake in the litigation, and the benefits to the parties of obtaining the information. The digest of legal authority on the general issue of electronic discovery and the respective cost allocation does not relieve Teleplus of the burden to prove to the Court that it meets the legal test it describes.

**2. The Timing of Teleplus' Motion Precludes Recovery of Deleted Material**

The ability to recover "deleted" material is time sensitive. *Zubulake*, 217 F.R.D. at 313. "Deleting a file does not actually erase that date from the computer's storage devices. Rather, it simply finds the data's entry in the disk directory changes it to a 'not used' status—thus permitting the computer to write over the 'deleted' data." 217 F.R.D. at 313, note 19 (internal quotations omitted). Years have past since Teleplus' first opportunity to seek this type of discovery, during which time Conseco has undergone a bankruptcy and massive reorganization. It is highly unlikely any recovery of electronic data – difficult under the best of circumstances – would be even remotely possible here. Teleplus' delay in seeking such recovery has precluded Conseco's ability even to attempt it.

Finally, Courts who have granted the type of discovery proposed by Teleplus have noted the existence of extensive backup capabilities. *Zubulake*, 217 F.R.D. at 314. The Defendant in *Zubulake* was required to maintain "extensive e-mail backup and

preservation protocols" pursuant to Securities and Exchange Commission regulations. 217 F.R.D. at 314. The Court in *Zubulake* concluded that the discovery, requested in a timely manner, was appropriate since the Plaintiff had demonstrated the crucial role of email in proving her discrimination claim coupled with the existing technology infrastructure conducive to the discovery. Teleplus has failed to articulate any justification for the discovery at this late date. Conseco has repeatedly advised Teleplus that it maintained no equivalent system to that in *Zubulake*. Teleplus satisfies none of the criteria in *Zubulake* to justify further discovery efforts.

## III. CONCLUSION

Conseco respectfully requests the Court deny Teleplus' Motion to Compel as untimely and not supported by the facts of the case. Conseco further requests the Court award Conseco attorney's fees and costs for opposition to the Motion to Compel Discovery based on Teleplus' clear violation of the applicable procedural rules, and the absolute lack of any factual basis for its motion.

Dated: October 28, 2004

DORSEY & WHITNEY LLP

By s/Shannon M. Heim

Robert E. Cattanach (0153734)
Shannon M. Heim (0309771)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

***Attorneys for Conseco Services, LLC***