STATE OF MINNESOTA | FOURTH DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

Case Type: CONTRACT

Teleplus Consulting, Inc.,

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

File No. 02-CV-212 (JRT/SRN)

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION AND INSPECTION**

TO: Plaintiff Teleplus Consulting, Inc. and its attorneys, Christopher K. Sandberg, Lockridge, Grindal, Nauen P.L.L.P., Suite 2200, 100 Washington Avenue South, Minneapolis, MN 55401-2179

Defendant Conseco Services, LLC (Conseco), for its Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents, states as follows:

## PRELIMINARY STATEMENT

Defendant Conseco has searched diligently for records in its possession, custody, or control in order to locate documents and information responsive to Plaintiff's Request for Production of Documents and Interrogatories. Nevertheless, Conseco has not yet completed either discovery or its internal gathering of facts and documents relating to this action. Therefore, in responding to Plaintiff's Request for Production of Documents and Interrogatories, Conseco reserves the right to revise, correct, add to, supplement, and clarify any of its responses.

## GENERAL OBJECTIONS AND STATEMENTS

The objections are generally applicable to all of Plaintiff's Interrogatories and

**EXHIBIT 4**

Requests for Production of Documents and are incorporated into each of Conseco's responses. By responding to Plaintiff's Interrogatories and Requests for Production of Documents, Conseco does not waive the general and specific objections made herein.

1. Conseco objects to Plaintiff's Definitions, Instructions, Interrogatories and Requests for Production of Documents on the basis that they are overly broad and unduly burdensome and to the extent that they seek to impose obligations on Conseco beyond those imposed by the Federal Rules of Civil Procedure.

2. Conseco objects to Plaintiff's Definitions, Instructions, Interrogatories and Requests for Production of Documents to the extent they seek identification or production of documents or information falling within the purview of the attorney-client privilege and/or the work product doctrine.

3. Conseco objects to Plaintiff's Definitions, Instructions, Interrogatories and Requests for Production of Documents to the extent they seek confidential business information concerning Conseco. To the extent that such information is otherwise discoverable, it will be produced under the Stipulated Protective Order.

4. Documents that are not privileged or otherwise protected that are identified as responsive to Plaintiff's Requests for Production of Documents will be produced at a mutually convenient time at the offices of Dorsey & Whitney LLP, Suite 1500, 50 South Sixth Street, Minneapolis, Minnesota, 55402-1498.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person or persons who prepared or participated in the preparation of your responses to the following interrogatories, and as to each interrogatory, state, at the conclusion of the answer thereto, the name of said person or persons who authored or supplied all or a portion of the information for the answer to that particular interrogatory.

**RESPONSE TO INTERROGATORY NO. 1:** Conseco objects to this Interrogatory on the basis that it is overly broad and unduly burdensome. Subject to those objections Conseco answers as follows:

Robert E. Cattanach
Jeffrey S. Dillen
Margaret I. Hoefer
Angela M. Hall
Dorsey & Whitney LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498

James Breakey, Senior Vice-President
Michael Sanderson, Director of Telecommunication Services
Brian Corey, Chief Counsel
Conseco Finance
900 Landmark Towers
345 St. Peter Street
Saint Paul, MN 55102-1640

**INTERROGATORY NO. 2:** Identify each and every person with knowledge of any of the factual assertions set forth in Teleplus' Complaint, or of any of the factual assertions set forth in your responses to these interrogatories, and for each person identified, set forth a summary of that person's knowledge.

**RESPONSE TO INTERROGATORY NO. 2:** Discovery is continuing and Conseco will supplement this response when Conseco has fully evaluated the facts of the case.

**INTERROGATORY NO. 3:** Identify each person you intend to call as a witness at the trial of this matter and for each witness identified, set forth the substance of the testimony you expect from that witness.

**RESPONSE TO INTERROGATORY NO. 3:** Conseco's witnesses at the trial include but are not limited to:

1. James Breakey: will testify to the contract negotiations and contacts between Conseco and telecommunication providers. He will testify to Conseco's contract with Teleplus and Conseco's and Teleplus' performance thereunder. He will also testify to contacts with and representations of Teleplus and Conseco's damages.

2. Michael Sanderson: will testify to contract negotiations and contacts between Conseco and telecommunication providers. He will testify to

Conseco's contact with Teleplus and Conseco's and Teleplus' performance thereunder. He will also testify to contacts with and representations of Teleplus and Conseco's damages.

3. Kevin Wirthwein: will testify to contract negotiations between Conseco and telecommunication providers.

4. Gary Brown: will testify to contract negotiations involving Teleplus.

5. Richard Maybin: will testify to contract negotiations between Conseco and AT&T.

6. Lisa Tobin, Verizon: will testify regarding Teleplus' lack of contribution to the negotiation process.

7. Laura Carlisle, AT&T: will testify regarding Teleplus' lack of contribution to the negotiation process.

8. Mike Smith, WorldCom: will testify regarding Teleplus' lack of contribution to the negotiation process.

See also Conseco's Rule 26(a)(1) Disclosure. Discovery is continuing and Conseco will supplement this response when Conseco has fully evaluated the facts of the case.

**INTERROGATORY NO. 4:** Identify each and every document or other tangible thing that you intend to use as an Exhibit at trial.

**RESPONSE TO INTERROGATORY NO. 4:** The Exhibits will consist of documents produced by Teleplus and Conseco during discovery. Discovery is continuing and Conseco will supplement this response when Conseco has fully evaluated the facts of the case.

**INTERROGATORY NO. 5:** Identify each expert whom you may call to testify as a witness at trial, the subject matter on which the expert is expected to testify, the mental impressions and opinions held by the expert and the substance of such opinions, conclusions and/or impressions.

**RESPONSE TO INTERROGATORY NO. 5:** Conseco has not yet identified any experts for this trial. Discovery is continuing and Conseco will supplement this response when Conseco has fully evaluated the facts of the case.

**INTERROGATORY NO. 6:** For each expert you identified in response to Interrogatory No. 5, identify all facts, data, or information known to the expert (regardless of when the factual information or documents were acquired) which relate to or form the basis of the expert's opinion, including without limitation all documents

which have been provided to the expert for review (including computations and work papers) and all factual information and documents prepared or provided by any other person (including without limitation any expert or consultant) whether or not such other person is expected to be called as a witness at trial.

**RESPONSE TO INTERROGATORY NO. 6:** Conseco has not yet identified any experts for this trial.

**INTERROGATORY NO. 7:** Identify all documents which relate to any communications by you to third parties and within Conseco by, between and among persons employed by or working on your behalf (except for privileged communications with your attorney) which relate to Teleplus' claims herein. This interrogatory uses the definition of "document" set out in the Definitions section above, and includes but is not limited to any e-mails, letters, notes, facsimiles and memoranda.

**RESPONSE TO INTERROGATORY NO. 7:** To the extent these documents exist, they were provided in the initial production and inspection on April 25, 2002. Discovery is continuing and Conseco will supplement this response when Conseco has fully evaluated the facts of the case.

**INTERROGATORY NO. 8:** State the reason or reasons why you directed carriers to cease negotiating through Teleplus and directed those carriers to negotiate directly with Conseco.

**RESPONSE TO INTERROGATORY NO. 8:** Conseco objects to the phrasing of this question, it is vague and assumes facts. Conseco stated the reasons that it terminated Teleplus in its October 26, 2001, letter.

**INTERROGATORY NO. 9:** Identify all operating systems in use on your computers during the Discovery Period.

**RESPONSE TO INTERROGATORY NO. 9:** Conseco objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10:** Identify all software applications in use on your computers during the Discovery Period, specifically including but not limited to all e-mail software packages, backup software, disaster recovery software, electronic calendaring software, contact list software, and task list software in use during the Discovery Period.

**RESPONSE TO INTERROGATORY NO. 10:** Conseco objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11:** Describe in narrative detail your computer network, including in that description allocation(s) on the network where e-mail may be stored in original, redundant, backup, archival, or duplicate form, and the location of all file and e-mail servers.

**RESPONSE TO INTERROGATORY NO. 11:** Conseco objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Without waiving this specific objection, Conseco answers as follows: It is Conseco's policy to delete any emails older than 30 days. To the extent that they exist, relevant emails were produced on April 25, 2002. Please refer to the Conseco Finance E-mail Retention Policy.

**INTERROGATORY NO. 12:** Describe in narrative detail all computing devices in use by you during the Discovery Period.

**RESPONSE TO INTERROGATORY NO. 12:** Conseco objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 13:** Identify all contracts (written or oral) and other agreements entered into by you with any provider of telecommunications services during the Discovery Period.

**RESPONSE TO INTERROGATORY NO. 13:** Conseco objects to this Interrogatory on the basis that it is overbroad. Subject to this objection, relevant documents were provided in the initial production and inspection on April 25, 2002. Discovery is continuing and Conseco will supplement this response when Conseco has fully evaluated the facts of the case.

**INTERROGATORY NO. 14:** Identify all persons who negotiated on your behalf with any provider of telecommunications services during the Discovery Period, and describe in detail the involvement and actions in connection with those negotiations of each person so identified.

**RESPONSE TO INTERROGATORY NO. 14:** Conseco objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to this objection, the following people who negotiated on behalf with any provider of telecommunications services include, but are not limited to :

1. James Breakey, Contract negotiations and review
2. Michael Sanderson, Analysis, contract negotiations, and review
3. Curt Pelarski, Contract administration and review

4. Daniel Rosenbaum, Voice subject matter expert

5. Bob Tolley, Data subject matter expert

6. Brian Corey, Legal review

7. Steve Ugland, Legal review

8. Kevin Wirthwein, Analysis, contract negotiations, and review

9. Chris McKee, Contract review

10. Gary Brown, Contract review

11. David Ward, Contract administration and review

12. Richard Maybin, Contract negotiations and review

13. David Herzog, Legal review

14. David Steen, Teleplus Consulting, Contract discussions and analysis

15. Bill Hansen, Teleplus Consulting, Contract discussions and analysis

16. Walt Sapronov, GS Telecom Law, Contract negotiations and legal review

17. Chip Gerry, GS Telecom Law, Legal review

See also Conseco's Rule 26(a)(1) Disclosure.

**INTERROGATORY NO. 15: [OMITTED BY PLAINTIFF]**

**INTERROGATORY NO. 16:** Identify all persons who negotiated with you on behalf of any provider of telecommunications services during the Discovery Period.

**RESPONSE TO INTERROGATORY NO. 16:** The people who negotiated with Conseco on behalf of any provider of telecommunications services during the Discovery Period include, but are not limited to:

1. Michael Humes

2. Laura Carlisle

3. Richard Francis

4. Larry Ewing

5. Steve Van Dorsealaer

6. Robin Hoppe

7. Dan Gepford

8. Mark Young

9. Mike Smith

10. Vince Corica

11. Mark Sowske

12. Louis Heffernen

13. Doug Shonka

14. John Quinlivan

15. Lisa Tobin

16. Mike Hedges

17. Jackie Bach

18. John Ridler

19. Nancy Hulett Drake

20. Bill Hansen

21. David Steen

22. James Riley

Discovery is continuing and Conseco will supplement this response when Conseco has fully evaluated the facts of the case.

**INTERROGATORY NO. 17:** State (separately for each carrier) all penalty amounts you had accrued with telecommunications carriers as of February 1, 2001.

**RESPONSE TO INTERROGATORY NO. 17:** Conseco objects to this Interrogatory on the basis that it is vague and calls for a legal conclusion. Subject to this objection Conseco answers as follows: No penalties, accrued, or otherwise, have been determined. Conseco will supplement this response when this information becomes

available.

**INTERROGATORY NO. 18:** State your goals in entering into the February 12, 2001, Consulting Services Agreement with Teleplus.

**RESPONSE TO INTERROGATORY NO. 18:** The goals of entering into the Consulting Services Agreement with Teleplus were to have Teleplus assume the responsibility for negotiating with telecommunications service providers and to obtain promptly a contract for telecommunications services between Conseco and any telecommunications carriers, with the objective of providing savings to Conseco.

**INTERROGATORY NO. 19:** Describe the strategy you utilized in negotiating with telecommunications carriers after directing Teleplus to cease negotiating on your behalf.

**RESPONSE TO INTERROGATORY NO. 19:** Conseco objects to Interrogatory No. 19 on the basis that it is vague. Without waiving this specific objection, Conseco answers as follows: Conseco ultimately discovered that Teleplus had alienated the vendors from whom it was seeking contracts by making unrealistic demands and pursuing a confrontational "win-lose" negotiating style. When it became clear that this approach was counterproductive, Conseco began directly negotiating with telecommunications carriers under a more "win-win" approach.

**INTERROGATORY NO. 20:** Describe all the differences between the proposed carrier agreements presented to you by Teleplus and the final agreements entered into by you with telecommunications carriers.

**RESPONSE TO INTERROGATORY NO. 20:** Conseco objects to this Interrogatory on the basis that it is vague as to scope and scale. Teleplus did not deliver a workable contract, therefore a provision-by-provision comparison is not possible. To the extent Teleplus made certain recommendations with regard to terms and conditions, rates or programs (such as the affiliate program), the contracts which Conseco has entered, and any marginally relevant proposals or recommendations by Teleplus are different in all substantive respects.

**INTERROGATORY NO. 21:** State all bases for your contention that Teleplus has failed to earn the consulting fees called for in the February 12, 2001, Consulting Services Agreement.

**RESPONSE TO INTERROGATORY NO. 21:** See Defendant's Amended Answer and Cross-Complaint.

**INTERROGATORY NO. 22:** Identify all contracts of insurance which provide or potentially may provide coverage for you in this action.

**RESPONSE TO INTERROGATORY NO. 22:** Conseco has no contracts of insurance that provide or may potentially provide coverage in this action.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Produce for inspection and copying a map of your computer network, during the Discovery Period, including without limitation all location(s) on the network where e-mail may be stored in original, redundant, backup, archival, or duplicate form, and the location of all file servers and e-mail servers.

**RESPONSE TO REQUEST NO. 1:** Conseco objects to this Request on the basis that it is overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 2:** Produce for inspection and copying an inventory of all computing devices in use by you during the Discovery Period.

**RESPONSE TO REQUEST NO. 2:** Conseco objects to this Request on the basis that it is overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 3:** Produce complete and accurate copies, in electronic form (on ZIP disks or CD-Rs) of all of your e-mail database(s) for the Discovery Period.

**RESPONSE TO REQUEST NO. 3:** Conseco objects to this Request on the basis that it is overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 4:** Produce complete and accurate copies, in electronic form (on ZIP disks or CD-Rs) of all of e-mail messages and attachments sent or received by you during the Discovery Period discussing or in other manner related to Teleplus.

**RESPONSE TO REQUEST NO. 4:** Conseco retains email for 30 days before it is purged from the system. To the extent that such documents exist, they were provided for inspection on April 25, 2002. Please refer to the Conseco Finance E-mail Retention Policy.

**REQUEST NO. 5:** Produce for inspection and copying, testing and sampling, at your premises, on February 18, 2002, starting at 9:00 a.m., all computing devices which store, host, route, archive, or backup any e-mail sent or received by you during the Discovery Period.

**RESPONSE TO REQUEST NO. 5:** Conseco objects to this Request on the basis that it is overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6:** Produce for inspection and copying, testing and sampling, at your premises, on February 18, 2002, starting at 9:00 a.m., all computing devices used by the individuals identified in response to Interrogatory No. 14 in connection with their employment by you during the Discovery Period.

**RESPONSE TO REQUEST NO. 6:** Conseco objects to this Request on the basis that it is overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 7:** Produce for inspection and copying all contracts and other agreements entered into by you with any provider of telecommunications services during the Discovery Period.

**RESPONSE TO REQUEST NO. 7:** Conseco produced these documents for inspection on April 25, 2002.

**REQUEST NO. 8:** Produce for inspection and copying all documents evidencing communications between you and any provider of telecommunications services during the Discovery Period.

**RESPONSE TO REQUEST NO. 8:** Conseco produced these documents for inspection on April 25, 2002.

**REQUEST NO. 9:** Produce for inspection and copying all documents evidencing communications between you and Teleplus during the Discovery Period.

**RESPONSE TO REQUEST NO. 9:** Conseco produced these documents for inspection on April 25, 2002.

**REQUEST NO. 10:** Produce for inspection and copying all documents evidencing communications between and among your employees, officers, owners, managers, agents, and contractors regarding any provider of telecommunications services during the Discovery Period.

**RESPONSE TO REQUEST NO. 10:** Conseco objects to this Request on the basis that it is overbroad and calls for documents protected by the attorney-client privilege and the work product doctrine. Subject to this objection, Conseco produced these documents for inspection on April 25, 2002.

**REQUEST NO. 11:** Produce for inspection and copying all documents evidencing communications between and among your employees, officers, owners, managers, agents, and contractors regarding Teleplus during the Discovery Period.

**RESPONSE TO REQUEST NO. 11:** Conseco objects to this Request on the basis that it calls for documents protected by the attorney-client privilege and the work product doctrine. Subject to this objection, Conseco produced these documents for

inspection on April 25, 2002.

**REQUEST NO. 12:** Produce for inspection and copying all documents evidencing communications between your employees, officers, owners, managers, agents, and contractors and any third parties regarding Teleplus during the Discovery Period.

**RESPONSE TO REQUEST NO. 12:** Conseco objects to this Request on the basis that it calls for documents protected by the attorney-client privilege and the work product doctrine. Subject to this objection, Conseco produced these documents on April 25, 2002.

**REQUEST NO. 13:** Produce for inspection and copying all statements made by you to any third parties regarding the subject matter of this action during the Discovery Period.

**RESPONSE TO REQUEST NO. 13:** Conseco objects to this Request on the basis that it calls for documents protected by the attorney-client privilege and the work product doctrine. Subject to this objection, Conseco produced these documents on April 25, 2002.

**REQUEST NO. 14:** Produce for inspection and copying all documents evidencing any penalties you had accrued with telecommunications carriers as of February 1, 2001.

**RESPONSE TO REQUEST NO. 14:** To the extent that such documents exist they were produced on April 25, 2002. Conseco will supplement this Response if additional documents become available.

**REQUEST NO. 15:** Produce for inspection and copying all contracts of insurance providing or potentially providing coverage for this action.

**RESPONSE TO REQUEST NO. 15:** No such documents exist.

Dated: May 22, 2002

DORSEY & WHITNEY LLP

By [signature]

Robert E. Cattanach #0153734
Margaret I. Hoefer #31030X
Angela M. Hall #0311066
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Conseco Services, LLC

## Conseco Finance E-mail Retention Policy

As you know we purge emails that are older than 30 days. This is done in compliance with corporate mandate to purge mail older than 30 days. We purchased a product named MailAttender from Sherpa Software (formerly Ciscorp) in March of 1999. We configured the product to delete emails older than 30 days from inbox, sent, trash, and personal folders. It runs nightly at 8pm M-F on all mail servers in our division. This process has been in place since April of 1999.

The following is an excerpt from the Conseco corporate policy and procedures regarding business communication (email)

1. **Conseco Corporate E-mail Policy**
   The following policy has been established regarding retention, privacy, and the appropriate use and handling of email messages for all electronic mail systems used by the Company:

   a. Electronic mail systems are Company property and must be used for valid reasons only. Improper use includes but is not limited to any use of such equipment or services for (i) the transmission or communication of images or text consisting of ethnic slurs, racial epithets, or anything that may be construed as illegally harassing or offensive to others based on an individual's race, national origin, gender, etc. or (ii) conduct any business other than Company business. Good judgment and care should always be exercised.

   b. All electronic communications, sent or received, remain the property of the Company and are subject to monitoring by the Company. As a result, there should be no expectation of privacy by any employee.

   c. The Company has developed standards related to the automatic deletion of all e-mail communications (messages in in-boxes, folders, sent messages, etc.). These types of communications will generally be removed from the system automatically after 30 days. Retaining messages for a longer period by archiving the required information to a personal folder is an option, but this practice should be exercised only when business requirements dictate such a need. If archiving is required, the personal folder must be maintained on a PC hard drive. Personal folders maintained on the Local Area Network will be deleted on a regular basis.

## Conseco Finance Notes Servers E-mail Backup Policy

We currently do a weekly full system backup and a daily backup on GTAS11 and CFAS12 ( The Domino AS/400's) . The tapes used for the weekly full backups have a retention of 30 days. The tapes after 30 days are reused/written over. The tapes for the daily backups are only retained for 6 days. The tapes after 6 days are reused/written over.

## Conseco Finance E-mail Backup Restore Policy

Please submit a request to the Corporate Help Desk to have deleted email restored. We can only restore email going back 60 days from the date of your restore request. The users current Lotus Notes NSF email files are purged of emails older than 30 days on a nightly basis. We only keep the weekly the email server back which contain the users NSF mail files for 30 days and they are then scratched and reused. So as of the date of the restore request we can restore up to a 30-day-old mail file which then contains 30 days of mail from the date of the backup in which the email files has been restored.

## Conseco Finance Novell Server Data Backup Policy

We currently backup the users data on the Novell files servers on a daily and monthly basis. These backup include all user data included in the users personal directory and in the other common directories on each Novell file server. The daily backup tapes are retained for one week the reused in the daily tape rotation. On the night of the last day of each month we do a monthly backup that is retained off-site for one year then over written. The monthly backup from December of each year is keep off-site for permanent retention.

## Conseco Finance PC Desktop Backup Policy

We do not support the storing or backing up of data on any PC at any Conseco Finance location.

**CERTIFICATE OF SERVICE BY MAIL AND FACSIMILE**

STATE OF MINNESOTA )
) SS
COUNTY OF HENNEPIN )

Alice A. Jaworski, being first duly sworn, on oath, deposes and states on the 22nd day of May 2002, she did send by United States Mail, an envelope addressed to:

Christopher K. Sandberg, Esq.
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55402

the last known address of said addressee(s) in which envelope she had first placed a true and correct copy of:

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION AND INSPECTION**

Alice A. Jaworski

Subscribed and sworn to before me
this 22nd day of May 2002

Notary Public

SUSAN M. OLIVER
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005