Westlaw.



**H**
Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Eight Circuit Rule 28A(i). (FIND CTA8 Rule 28A.)

United States Court of Appeals,
Eighth Circuit.

Leonard PRENTICE, Appellant,
v.
PIZZA HUT OF AMERICA, INC., Appellee.

**No. 02-3539.**

Submitted June 3, 2003.
Decided June 6, 2003.

Former employee filed lawsuit alleging that his termination from his job was racially motivated. The United States District Court for the District of Minnesota, John R. Tunheim, J., adopting the report and recommendation of Franklin L. Noel, United States Magistrate Judge, granted summary judgment to former employer. Appeal was taken. The Court of Appeals held that: (1) decision not to compel discovery was not an abuse of discretion; (2) denial of discovery extension and failure to treat the extension request as a Rule 56(f) motion was not an abuse of discretion; (3) former employee failed to establish that former employer's legitimate, nondiscriminatory reason for discharge--poor work performance--was a pretext for discrimination; and (4) district court did not abuse its discretion in disallowing new claims in former employee's amended complaint.

Affirmed.

West Headnotes

**[1] Federal Civil Procedure 1343**
170Ak1343 Most Cited Cases
In former employee's action alleging his termination from his job was result of racial discrimination, district court's decision not to compel discovery sought by former employee was not an abuse of discretion; former employer represented it had produced documents at issue and provided former employee with name of witness's employer, and depositions were not requested until after close of discovery and after deadline for filing dispositive motions.

**[2] Federal Civil Procedure 1278**
170Ak1278 Most Cited Cases
In former employee's action alleging his termination from his job was result of racial discrimination, district court's denial of former employee's motion for sanctions, on basis of alleged discovery violations, was not an abuse of discretion, where court properly refused to compel further discovery.

**[3] Federal Civil Procedure 1343**
170Ak1343 Most Cited Cases

**[3] Federal Civil Procedure 2553**
170Ak2553 Most Cited Cases
In former employee's action alleging his termination from his job was result of racial discrimination, denial of discovery extension and failure to treat the extension request as a Rule 56(f) motion for further discovery was not an abuse of discretion; former employee waited until after close of discovery to move for an extension, and failed to state with particularity what facts he expected further discovery would reveal. Fed.Rules Civ.Proc.Rule 56(f), 28 U.S.C.A.

**[4] Civil Rights 1137**
78k1137 Most Cited Cases
(Formerly 78k153)
Former employee failed to establish that former employer's legitimate, nondiscriminatory reason for discharge--poor work performance--was a pretext for discrimination, as required in action alleging that termination from job was result of racial discrimination.

**[5] Federal Civil Procedure 841**
170Ak841 Most Cited Cases
In former employee's action alleging his termination from his job was result of racial discrimination, district court did not abuse its discretion in disallowing new claims in former employee's amended complaint; former employee did not obtain court's permission or former employer's consent to add new claims. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

***747** Appeal from the United States District Court for the District of Minnesota.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 5**

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

****1** Leonard Prentice, who is African American, appeals following the district court's [FN1] adverse grant of summary judgment on his race-discrimination claims against his former employer, Pizza Hut of America, Inc. (Pizza Hut). For reversal, Prentice argues that the district court erred in granting summary judgment to Pizza Hut. He also argues the court should have compelled production of documents, disclosure of a witness's address and telephone number, and depositions; granted his motion for sanctions; treated his motion to extend discovery as a ***748**Federal Rule of Civil Procedure 56(f) motion; and allowed the new claims in his amended complaint. After careful review of the record, we affirm.

FN1. The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

[1][2] We conclude that the district court's decision not to compel discovery was not an abuse of discretion: Pizza Hut represented that it had produced the documents at issue and had provided Prentice with the name of the witness's employer, and Prentice did not request depositions until after the close of discovery and after the deadline for filing nondispositive motions. *See Toghiyany v. AmeriGas Propane, Inc.,* 309 F.3d 1088, 1093 (8th Cir.2002); *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis,* 220 F.3d 898, 903 (8th Cir.2000), *cert. denied,* 532 U.S. 921, 121 S.Ct. 1359, 149 L.Ed.2d 288 (2001). We also conclude that the denial of Prentice's motion for sanctions was not an abuse of discretion. *See Lawrence v. Bowersox,* 297 F.3d 727, 734 (8th Cir.2002) (standard of review).

[3][4] We find no abuse of discretion in the denial of a discovery extension or the failure to treat the extension request as a Rule 56(f) motion. Prentice waited until after the close of discovery to move for an extension, and he failed to state with particularity what facts he expected further discovery would reveal as required by Rule 56(f). *See Stanbeck v. Best Diversified Prods., Inc.,* 180 F.3d 903, 910-11 (8th Cir.1999); *Lyoch v. Anheuser-Busch Cos.,* 139 F.3d 612, 616 (8th Cir.1998). Further, we conclude that the grant of summary judgment was proper because Prentice offered no evidence that Pizza Hut's legitimate, nondiscriminatory reason for his discharge--poor work performance--was a pretext for discrimination. *See Burkett v. Glickman,* 327 F.3d 658, 661 (8th Cir.2003).

[5] Finally, we conclude that the district court did not abuse its discretion in disallowing the new claims in Prentice's amended complaint, as he did not obtain the court's permission or Pizza Hut's consent to add new claims. *See* Fed.R.Civ.P. 15(a); *cf. Meehan v. United Consumers Club Franchising Corp.,* 312 F.3d 909, 913 (8th Cir.2002) (denial of motion to amend is reviewed for abuse of discretion).

Accordingly, we affirm the judgment of the district court.

68 Fed.Appx. 746, 2003 WL 21309047 (8th Cir.(Minn.))

Briefs and Other Related Documents (Back to top)

- 2003 WL 23333242 (Appellate Brief) Opening Brief of the Plaintiff-Appellant (Jan. 08, 2003)Original Image of this Document (PDF)

- 02-3539 (Docket) (Oct. 17, 2002)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.