STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

CASE TYPE: CONTRACT

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Teleplus Consulting, Inc.,

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

File No. ________________

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION AND INSPECTION**

Pursuant to Rules 26 and 33 of the Minnesota Rules of Civil Procedure, Plaintiff Teleplus Consulting, Inc. ("Teleplus" or "Plaintiff"), through its attorneys, demands that Defendant Conseco Services, LLC ("you" or "Conseco") answer the following document requests and serve a copy of such responses and provide documents on the undersigned within forty-five (45) days from the date of service of these document requests.

**DEFINITIONS**

As used herein:

A. The terms "you," "your," and "Defendant" shall mean Conseco and/or its affiliates, subsidiaries, or related entities.

B. The term "Plaintiff" means Teleplus.

C. The term "document" shall have the same meaning as used in Minnesota Rule of Civil Procedure 34.01 and shall be construed in its broadest sense to include, without limitation, all writings and drawings of any kind whatsoever, together with every tangible thing produced by



**EXHIBIT 8**

handwriting, typewriting, printing, photocopying, photo offsetting, photography, microfilming, or by any tape, cassette, film, videotape, or disk recording, and all data or information stored on disks, diskettes, hard disk drives, tapes, cartridges, and CD-ROM, including but not limited to software, firmware, source code, electronic mail, and word-processing documents. Each and every draft of a document is a separate document for purposes of these document requests.

D. The term "relating to" a given subject matter shall be construed to include all documents or things embodying, containing, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, or summarizing in whole or in part, the stated subject matter.

E. The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of these document requests that might otherwise be construed to be beyond their scope. The past tense shall be interpreted as the present tense, and vice versa, as appropriate in order to bring within the scope of these document requests that might otherwise be construed to be beyond their scope. The words "and" and "or" shall be construed either as a conjunctive or disjunctive as appropriate in order to bring within the scope of these document requests that might otherwise be construed to be beyond their scope. The word "all" shall mean "any and all" as appropriate in order to bring within the scope of these document requests that might otherwise be construed to be beyond their scope. The word "including" shall mean "including without limitation," as appropriate in order to bring within the scope of these document requests that might otherwise be construed to be beyond their scope.

F. References to any person, entity or party herein includes his or her agents, attorneys, employees, officers, directors or others acting on behalf of said person, entity or party.

G. The terms "person" and "persons" mean both natural persons and legal entities (i.e., corporations or other business entities, etc.).

H. When referring to a person, the term "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally the present or last known place of employment. Once a person has been identified in accordance with this definition, only the name of that person need be listed in response to a subsequent document requests requesting the identification of that person.

I. When referring to a document, the term "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

J. The term "Discovery Period" means the period between January 1, 2001 and the date of the trial in this matter, inclusive.

K. The term "Computing devices" is defined as all forms of electronic data processing equipment, including but not limited to desktop computers, portable computers, handheld computing devices and personal data assistants, servers, network attached devices, and data communications-capable portable telephones with network or Internet access.

L. The term "e-mail databases" includes all collections of e-mails organized and stored by computer software, known as "post offices," "mailboxes," databases, datastores, information stores, and other similar terms, whether stored on e-mail server(s) or elsewhere on

any computer network (including individual users' workstations or portable computers), including any electronic calendars, contact lists, and task lists which store e-mails.

M. The term "computer storage devices" means any media of any sort used to store in electronic form any data produced, read, transmitted, stored manipulated, or in any other way processed on any form of computing device, and includes without limitation hard disks, standard- and high-capacity floppy disks, ZIP disks, JAZ disks/cartridges, tapes, SyQuest cartridges, CDs, and DVDs.

N. The term "e-mail messages and attachments" includes all forms of electronic communications by means of a computing device, including e-mail services (both commercial and employer-provided), instant messenger services, bulletin board services, chat rooms, discussion groups, Usenet groups and topics, and all forms of electronic files sent or received in connection with or as part of any electronic communication, including any electronic calendars, contact lists, and task lists which contain e-mails.

**DIRECTIONS**

A. You shall respond to these Requests completely, based upon information which is known, or obtainable upon investigation, at the time your responses are served. Where you do not know, or cannot recall, whether particular responsive documents exist, state the efforts made to ascertain their existence.

B. These Requests shall be deemed continuing. If additional responsive documents are discovered or come to your attention after responding to these Requests, nondisclosure of the documents shall be considered a knowing concealment, and demand is hereby made that such

additional documents or information be produced immediately. Plaintiffs will move to exclude from evidence at trial any responsive document not produced pursuant to these Requests.

C. Where you object that a document request is overly broad, burdensome, or oppressive, state facts or other evidence demonstrating the nature of the burden.

D. Where you assert a privilege with respect to any of the documents requested and the document is not produced, for each document not produced:

- identify the nature of the privilege and the grounds upon which the document is withheld; and,
- provide the following information in the objection:
  - identify the document;
  - a general description of the document (i.e., the subject matter);
  - the date of the document;
  - the author of the document;
  - the addressee(s) of the document; and,
  - all recipients of the document.

## REQUESTS FOR PRODUCTION

Request for Production No.1: Produce for inspection and copying a map of your computer network, during the Discovery Period, including without limitation all location(s) on the network where e-mail may be stored in original, redundant, backup, archival, or duplicate form, and the location of all file servers and e-mail servers.

Request for Production No.2: Produce for inspection and copying an inventory of all computing devices in use by you during the Discovery Period.

Request for Production No.3: Produce complete and accurate copies, in electronic form (on ZIP disks or CD-Rs) of all of your e-mail database(s) for the Discovery Period.

Request for Production No.4: Produce complete and accurate copies, in electronic form (on ZIP disks or CD-Rs) of all of e-mail messages and attachments sent or received by you during the Discovery Period discussing or in other manner related to Teleplus.

Request for Production No.5: Produce for inspection and copying, testing and sampling, at your premises, on February 18, 2002, starting at 9:00 a.m., all computing devices which store, host, route, archive, or backup any e-mail sent or received by you during the Discovery Period.

Request for Production No.6: Produce for inspection and copying, testing and sampling, at your premises, on February 18, 2002, starting at 9:00 a.m, all computing devices used by the individuals identified in response to Interrogatory No.14 in connection with their employment by you during the Discovery Period.

Request for Production No.7: Produce for inspection and copying all contracts and other agreements entered into by you with any provider of telecommunications services during the Discovery Period.

Request for Production No.8: Produce for inspection and copying all documents evidencing communications between you and any provider of telecommunications services during the Discovery Period.

Request for Production No.9: Produce for inspection and copying all documents evidencing communications between you and Teleplus during the Discovery Period.

Request for Production No.10: Produce for inspection and copying all documents evidencing communications between and among your employees, officers, owners, managers,

agents, and contractors regarding any provider of telecommunications services during the Discovery Period.

Request for Production No.11: Produce for inspection and copying all documents evidencing communications between and among your employees, officers, owners, managers, agents, and contractors regarding Teleplus during the Discovery Period.

Request for Production No.12: Produce for inspection and copying all documents evidencing communications between your employees, officers, owners, managers, agents, and contractors and any third parties regarding Teleplus during the Discovery Period.

Request for Production No.13: Produce for inspection and copying all statements made by you to any third parties regarding the subject matter of this action during the Discovery Period.

Request for Production No.14: Produce for inspection and copying all documents evidencing any penalties you had accrued with telecommunications carriers as of February 1, 2001.

Request for Production No.15: Produce for inspection and copying all contracts of insurance providing or potentially providing coverage for this action.

DATED: December 7, 2001

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By: ______________________________

Christopher K. Sandberg #95485
Suite 2200
100 Washington Avenue South
Minneapolis, Minnesota 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

COUNSEL FOR PLAINTIFF
TELEPLUS CONSULTING, INC.