UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Teleplus Consulting, Inc.,

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil File No. 02-CV-212 (JNE/JGL)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff respectfully submits the following proposed preliminary jury instructions, to be read before the opening of the trial in the above-captioned case, and proposed jury instructions to be read at the conclusion of the evidence. Plaintiff also submits the following proposed special verdict form. Plaintiff reserves the right to supplement or amend the proposed instructions and verdict form as appropriate.

Dated: June 20, 2005.

s/ Christopher K. Sandberg

Christopher K. Sandberg, Atty. No. 95485
Darla J. Boggs, Atty. No. 0314912
Attorneys for Plaintiff
Teleplus Consulting, Inc.
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: 612/339-6900
Fax: 612/339-0981

**TABLE OF CONTENTS**

PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTION NO. 1. . . . . . . . . . . . . . -1-
(*re: claims, duty of juror, evidence, depositions, notes objections, bench conferences)*

PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTION NO. 2. . . . . . . . . . . . . . -5-
(*re: defining plaintiff and defendant as corporate entities)*

PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTION NO. 3. . . . . . . . . . . . . . -6-
(*burden of proof/civil versus criminal)*

PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTION NO. 4. . . . . . . . . . . . . . -7-
(*trial procedure)*

PLAINTIFF'S PROPOSED INSTRUCTION NO. 1.
General Introduction
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 2.
General Introduction – Parties
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 3.
General Introduction – Corporate Equality
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 4.
General Evidence Instruction – Introduction
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 5.
General Evidence Instruction – Role of Counsel
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 6.
General Evidence Instruction – Interrogatories
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

PLAINTIFF'S PROPOSED INSTRUCTION NO 7.
General Evidence Instruction –Role of the Court
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 8.
General Evidence Instruction – Objections Overruled
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 9.
General Evidence Instruction – Pleadings (Read) (Given) to Jury
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 10.
General Evidence Instruction – Evidence
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 11.
Evidence – Direct and Indirect or Circumstantial
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 12.
General Evidence Instruction – Indirect or Circumstantial Evidence
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 13.
General Evidence Instruction – Inferences
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -23-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 14.
Inference Example – Finding as to a Thing Once Proved to Exist
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 15.
Inference Example – Notice, Knowledge, Duty of Inquiry
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 16.
Standard of Proof – Criminal Cases Distinguished
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -26-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 17.
Standard of Proof – Preponderance of the Evidence
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -27-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 18.
Weighing the Evidence – Credibility of Witnesses
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -29-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 19.
Weighing the Evidence – Depositions
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -31-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 20.
Weighing the Evidence – Number of Witnesses not Dispositive
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -32-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 21.
Failure to Produce Available Evidence
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -33-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 22.
Weighing the Evidence – Expert Witnesses
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -34-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 23.
Weighing the Evidence – Charts and Summaries
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -35-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 24.
Weighing the Evidence – Impeachment
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -36-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 25.
Weighing the Evidence – Effect of Prior Statements
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -38-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 26.
Transition to Claims
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -39-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 27.
Stipulations
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -40-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 28.
Breach of Contract Elements
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -41-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 29.
Definition of Breach of Contract
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -42-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 30.
The Contract Terms
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -43-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 31.
Calculations of Damages
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -44-

PLAINTIFF'S JURY INSTRUCTION NO. 32
[only if the parties do not stipulate that there was a binding contract between Teleplus and Conseco]

Quasi-Contract Claim - Unjust Enrichment

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -45-

PLAINTIFF'S JURY INSTRUCTION NO. 33

Non-Contract Claim – Fraud and Misrepresentation

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -46-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 34.

Determination of Damages

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -47-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 35.

Special Verdict Form

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -48-

PLAINTIFF'S PROPOSED INSTRUCTION NO. 36.

Closing Instructions

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -49-

## PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTION NO. 1.

Members of the jury, we are about to begin the trial of this case. You have heard some details about this case during jury selection. Before the opening statements, however, there are certain instructions you should have in order to better understand the evidence that will be presented to you and how you should conduct yourself during trial. What I will now say is intended to serve as an introduction to the trial of this case. It is not a substitute for the detailed instructions on the law and the evidence which I will give you at the close of the case, before you retire to consider your verdict.

The party who brings a lawsuit is called the "Plaintiff." The plaintiff in this case is Teleplus Consulting, Inc., a corporation that provided consulting services to the defendant between February 12 and October, 2001. The party who is sued in a lawsuit is called the "Defendant." The Defendant in this case is Conseco Services, LLC, a company that entered into a contract with Plaintiff Teleplus for the purpose of getting relief from unfavorable contracts it had signed for telecommunication carrier services.

The Plaintiff claims that the Defendant breached the terms of the contract between the parties and refused to pay Plaintiff the commissions it legitimately earned.

In this trial, you as jurors will decide disputed questions of fact, and apply the law to the facts as you find them. As the judge, I will decide all questions of law in this trial. Before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow in reaching your verdict.

It is your duty as jurors to follow the law as I state it to you, and apply that law to the facts as you find them from the evidence in the case. You are not to be concerned

with the wisdom or soundness of any rule of law stated by me. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty as jurors for you to base a verdict on any view of the law other than that given by me in my instructions. It would also be a violation of your sworn duty, as judges of the facts, to base a verdict on anything other than the evidence in this case.

The evidence presented to you during the trial will consist primarily of the testimony of the witnesses and tangible items known as "exhibits." Exhibits are things such as documents, a tape recording and transcript of the recording, and charts and illustrations. Any exhibits admitted into evidence during the trial will be available to you to study during your deliberations. So if an exhibit is received in evidence during the trial but is not fully read or shown to you at that time, do not be concerned; you will have an opportunity to see and to study the exhibit later during your deliberations.

During the trial, some testimony may be read to you by way of deposition. A deposition is a transcript of sworn answers by a witness to questions asked before trial by the lawyers for the parties in the case. The testimony of a witness who for some reason cannot be here to testify from the witness stand may be presented in this manner. Such testimony is entitled to the very same consideration by you as if the witness had been present and had testified from the witness stand.

In addition, from time to time, I may read to you certain "Stipulations of Fact." Stipulations are agreements by plaintiff and defendant on certain facts which may be relevant to the issues you must decide. You must treat any stipulations that I read you as facts which have been proven.

If you would like to take notes during the trial, you may do so, but you are not required to take notes if you don't want to. If you do take notes, be careful not to get so involved in note taking that you become distracted from the proceedings. Also, your notes should be used only as aides to your memory. If your memory later should differ from your notes, you should rely on your memory and not your notes.

If you do not take notes, you should rely on your own independent recollection or memory of what the testimony was, and you should not be unduly influenced by the notes or recollection of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror concerning what the testimony was. Since it is your responsibility to decide the facts of this case, you should give careful attention to the testimony and documentary evidence presented for your consideration.

You are also being provided with Juror notebooks. These are intended to be a help to you to keep track of the individuals and the various companies and contractual details involved in the case. You should not allow yourselves to be distracted by the notebooks from paying attention to the presentation of evidence.

During the trial, keep an open mind and avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the evidence, the lawyers' closing arguments, and my instructions and explanations of the law. While the trial is in progress you must not discuss the case in any way among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence. You should avoid reading any newspaper articles or watching television newscasts regarding this case.

During the trial I may rule on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence which the lawyer believes is not admissible. You should not infer from any ruling or comment I make that I have any opinion on the case favoring one side or the other. If I sustain an objection to a question that then goes unanswered by a witness, you should not speculate what the answer might have been, nor should you draw any inference from the question itself, or from the fact that someone objected.

During the trial, occasionally I may need to confer with the lawyers out of your hearing, on questions of law or procedure that require consideration by me alone. On some occasions you may be excused from the courtroom. Sometimes these "bench" conferences or "side-bars" serve to speed things along. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine, and should be patient.

SOURCE: ADAPTED FROM 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § § 70.1 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 101.01 (5th ed. 2000).

**PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTION NO. 2.**

I mentioned a moment ago that the Plaintiff in this case is a corporation that entered into a consulting contract with the Defendant, also a business.

Corporations act through their officers and employees. The act of an officer or employee of a corporation, if it is within the scope of his or her employment, is legally the act of the corporation.

SOURCE: 3A DEVITT, BLACKMAR & WOLFF, FEDERAL JURY PRACTICE & INSTRUCTIONS §§ 71.07, 90.091 (4th ed. 1987); 3 and 3A KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS §§ 103.15, 150.42 (5th ed. 2000).

**PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTION NO. 3.**

Now I want to talk to you about the burden of proof that will guide you in your deliberations. As you may know, there are two kinds of cases that come to court, criminal cases and civil cases. Criminal cases are cases in which the government charges a person or a company with a crime, and if convicted, the person or company may face criminal penalties, such as fines paid to the government, or prison sentences.

This case is not a criminal case. This is a civil case, in which plaintiffs are suing to recover what they claim are their damages. I mention this because there are significant differences between criminal cases and civil cases. One significant difference is that in criminal cases, the government must prove its case "beyond a reasonable doubt." That burden of proof — proof beyond a reasonable doubt — does not apply here, in this civil case. In a civil action such as this, a plaintiff must prove every essential element of his or her claim by a preponderance of the evidence. To prove something by a preponderance of the evidence simply means to prove that something is more likely so than not. Therefore, when you are making decisions in this case and deciding the truth of a matter, you should find it to be true if you think the matter is more likely to be true than not true.

SOURCE: Adapted from COMMITTEE ON MODEL CIVIL JURY INSTRUCTIONS WITHIN THE EIGHTH CIRCUIT, MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, Civil no. 3.04 (2001 ed.); 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 72.01(4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 104.01 (5th ed. 2000).

**PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTION NO. 4.**

In just a moment the lawyers for both sides will be permitted to address you and make their opening statements.

The plaintiffs will then go forward to call witnesses and present other evidence during the PLAINTIFF'S case-in-chief. When PLAINTIFF'S presentation is finished, the defendant may call witnesses and present other evidence. After that, within certain limitations, the plaintiffs may be permitted to call witnesses again and present evidence, if they choose to, during the "rebuttal phase" of the trial. When the evidence portion of the trial is completed, the lawyers will then address you again and make their summations or final arguments. After that, I will instruct you on the law which you must follow. Then you will retire to deliberate and reach your verdict.

We will now begin the trial by having the lawyers for each side explain the issues in the case and summarize the facts they expect the evidence to show. What the lawyers say is not evidence. Rather, these statements are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So now I ask that you give the lawyers your close attention.

SOURCE: 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 70.02 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § § 101.02, 101.44 (5th ed. 2000).

**JURY INSTRUCTIONS TO BE READ AT THE CLOSE OF THE EVIDENCE**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1.**

General Introduction

MEMBERS OF THE JURY:

Now that you have heard the evidence and the arguments of the lawyers, it is my duty to instruct you on the law you must follow in this case.

It is your duty as jurors to follow the law as I state it to you, and to apply that law to the facts as you find them from the evidence. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by me in these instructions, you are, of course, to be governed by my instructions.

Nothing I say in these instructions, or have said during this trial, is to be taken as an indication that I personally have any opinion about the facts of the case. It is your job, not mine, and your responsibility to determine the facts.

As jurors, you may not be governed by sympathy, bias, prejudice or public opinion. The law is no respecter of persons. This means that all persons stand equal before the law, and are to be dealt with as persons of equal standing, equal worth, and holding the same or similar position in life. Corporations, individuals, and all other entities stand equal before the bar of this Court.

All that the parties and public expect is that you will carefully and impartially consider all of the evidence in the case, follow the law as stated to you by me, and reach a just verdict regardless of its consequences.

Any repetition that might occur in my instructions to you now is not for the purpose of emphasizing any particular principle or principles of law, but is merely to better enable me to explain the law to you.

The contentions and arguments of the lawyers are not evidence and you should not consider them to be evidence. The contentions and arguments of the lawyers will not authorize a verdict unsupported by evidence in the case.

A trial is not a personality contest or a battle of wits between lawyers. It is a serious matter to be determined by you under the facts and the law. I will instruct you on the law, and you are bound by it. But remember, you are the judges of the facts, and are to apply the law to the facts as you find them to have been shown during the trial.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 71.0 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 103.01(5th ed. 2000); COMMITTEE ON MODEL CIVIL JURY INSTRUCTIONS WITHIN THE EIGHTH CIRCUIT, MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, Civil no. 3.01 (2001 ed.). See also this Court's Standard Jury Instruction; Terminal R. Ass'n of St. Louis v. Howell, 165 F.2d 135, 139 (8th Cir. 1948).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 2**

General Introduction – Parties

On one side of this case is the Plaintiff – Teleplus Consulting, Inc., a telecommunications consulting corporation. On the other side of this case is the Defendant – Conseco Services, LLC, a limited liability company. The Defendant entered into a contract with Plaintiff for the express purpose of obtaining Plaintiff's expert assistance in getting financial relief from its unfavorable contracts with its various telecommunication carriers. From now on, I am going to use the legal terms to refer to the two sides of the case. I will use the term "plaintiff" to refer to Teleplus Consulting, Inc., including its officers and employees. I will use the term "defendant" to refer to Conseco Services, LLC, including its officers and employees.

Plaintiff claims that Defendant breached the contract between the parties entered into on February 12, 2001, and refused to pay Plaintiff its commission, while utilizing advantages negotiated by Plaintiff as a basis of the contracts Defendant entered into with AT&T.

SOURCE: Adapted from In re Corrugated Container Antitrust Litig., MDL No. 310, Transcript Vol. 100, at 31-34 (S.D. Tex. Sept. 11, 1980). See also Federal Trade Comm'n v. Superior Court Trial Lawyers' Ass'n, 493 U.S. 411, 419-20, 422-23 (1990).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 3**

General Introduction – Corporate Equality

I note that Plaintiff and Defendant are **[CONSECO IS AN LLC]** corporations. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, corporations, and other organizations stand equal before the law and before the bar of this Court.

Therefore, it does not matter that the parties in this case are corporations, or that some corporations are larger or smaller than others. All are to be judged by the same standard. Each party is entitled to the same fair consideration of the evidence by you, and a decision from you based on the law as I explain it to you.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 71.04 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 103.12 (5th ed. 2000).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 4

General Evidence Instruction – Introduction

Let me explain what you may consider as evidence. Evidence includes documents that are admitted as exhibits, and what the witnesses have said either in their testimony here in this Court or by their testimony in deposition. I will discuss this evidence in a few minutes. First, I want to clarify what is and is not evidence.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**

General Evidence Instruction – Role of Counsel

Let's start with what you just heard — closing arguments by counsel. Also, in their opening statements, counsel described what they believed the evidence would show. You also may have heard counsel make occasional remarks during the trial. None of these statements and arguments by the lawyers is evidence. They are not to be considered by you as evidence.

There is only one circumstance in which counsel's statements are evidence. That is when the parties agree that certain facts are true. We call their agreement a stipulation. When the lawyers on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation and regard the fact as proved, unless I have instructed you otherwise. During the trial, I told you that a particular fact was true when counsel had agreed, or stipulated, to that fact. A copy of all stipulated facts has been [or will be] given to you.

SOURCE: Adapted from 3 EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 71.08 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 103.30 (5th ed. 2000); COMMITTEE ON MODEL CIVIL JURY INSTRUCTIONS WITHIN THE EIGHTH CIRCUIT, MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, Civil nos. 1.02, 2.20-2.04 (2001 ed.). See also Lovett ex rel. Lovett v. Union Pacific R.R., 201 F.3d 1074, 1083 (8th Cir. 2000).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 6**

General Evidence Instruction – Interrogatories

Also, certain answers to interrogatories have been introduced into evidence. These are questions together with their answers, signed and sworn to by a party. A party is bound by its sworn answers. This means that, as to that party, its answer is an admission.

By introducing the other side's answers to interrogatories, however, a party does not bind itself to these answers, and it may challenge them in whole or in part or may offer contradictory evidence. The point here is that the party which states its own position in a sworn answer to an interrogatory is bound by that answer, but others are free to disagree.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 72.19 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 104.72 (5th ed. 2000).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7**

General Evidence Instruction –Role of the Court

Now some words about my role as the judge: the law of the United States permits a judge to comment to the jury on the evidence. Any such comments are only the expression of the judge's opinion as to the facts; you may disregard them entirely, since you, as jurors, are the sole judges of the facts. It is your responsibility to make a fair and independent evaluation of the evidence.

A similar point should be made with respect to questions that I asked during the trial. I asked these questions to bring out facts not then fully covered by testimony. Do not assume that I had any opinion on these questions. You are to consider the evidence and decide what is a fair conclusion.

(In those few instances where I said to you that I take judicial notice of some fact or event, however, then you must, unless otherwise instructed, accept my declaration as evidence, and regard as proved the fact or event that has been judicially noticed.)

From time to time you heard me sustain, or agree with, objections to the introduction of particular evidence. You must disregard entirely any evidence as to which I sustained an objection, and any evidence that I ordered to be stricken.

You are not to be concerned with the reasons for my decisions regarding the admission or exclusion of evidence, nor should you draw any inferences from my decisions. There are many reasons why evidence can be admitted or excluded. My job is to decide what evidence is admitted. Your job is to determine independently what the admitted evidence means, and decide the weight that the evidence deserves.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § § 71.08, 71.11 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL §§ 103.30, 103.33 (5th ed. 2000); COMMITTEE ON MODEL CIVIL JURY INSTRUCTIONS WITHIN THE EIGHTH CIRCUIT, MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, Civil nos. 1.01, 2.04, 3.02 (2001 ed.); see also, Haines v. Powermatic Houdaille, Inc., 661 F.2d 94, 95 (8th Cir. 1993).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 8**

General Evidence Instruction – Objections Overruled

If I did not tell you that an objection was sustained, you should treat it as overruled. If the lawyers made an objection and I overruled it, you should not be influenced either by the objection or by my decision to overrule.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 9**

General Evidence Instruction – Pleadings (Read) (Given) to Jury

When I have finished giving you these instructions, I will give you certain documents to take to the jury room. These include the exhibits about which witnesses have testified during the trial. Also, it is the practice in this Court to read the pleadings to the jury and to allow the jury to take the pleadings to the jury room. The pleadings are the PLAINTIFF'S complaint and defendants' answer.

What is said in the pleadings is not evidence. The purpose of the pleadings is to set forth the contentions of the parties as to the facts of the case, so as to determine what issues of fact are in dispute between them. It is for you to determine whether the claims made in the pleadings have been established by the evidence.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 71.10 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 103.32 (5th ed. 2000); COMMITTEE ON MODEL CIVIL JURY INSTRUCTIONS WITHIN THE EIGHTH CIRCUIT, MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, Civil no. 1.02 (2001 ed.).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 10**

General Evidence Instruction – Evidence

Unless you are otherwise instructed, the evidence in this case includes the sworn testimony (including the deposition testimony read in court) of the witnesses, regardless of who may have called them; all the documents received in evidence as trial exhibits, regardless of who may have offered them in evidence; all admissions and sworn interrogatory answers; all stipulated facts; all of the admissions and interrogatory answers of the parties; and all facts and events that may have been judicially noticed by me. You must fairly consider all of this evidence.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 71.08 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 103.30 (5th ed. 2000); COMMITTEE ON MODEL CIVIL JURY INSTRUCTIONS WITHIN THE EIGHTH CIRCUIT, MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, Civil nos. 1.02, 2.02-2.04 (2001 ed.).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 11**

Evidence – Direct and Indirect or Circumstantial

Generally speaking, there are two types of evidence from which a jury may properly find the truth as to the facts of a case — one being direct evidence, such as the testimony of an eyewitness, and the other being indirect or circumstantial evidence — that is, the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. As a general rule the law makes no distinction between direct and circumstantial evidence. The law requires that you, the jury, find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

SOURCE: 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 72.03 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 104.05 (5th ed. 2000); COMMITTEE ON MODEL CIVIL JURY INSTRUCTIONS WITHIN THE EIGHTH CIRCUIT, MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, Civil no. 1.02 (2001 ed.); see also this Court's Standard Jury Instructions.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 12**

General Evidence Instruction – Indirect or Circumstantial Evidence

Indirect or circumstantial evidence is the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. Another way to say this is that you may look at the circumstances proven in this case, and from them you may reasonably conclude that certain other facts also are probably true.

In our daily lives, we rely on circumstantial evidence all the time. For example, if someone enters our house soaking wet and holding an umbrella, we can infer that it is raining outside even if we don't look out the window.

Circumstantial evidence is of particular importance in assessing intent. In daily life we often recognize that "actions speak louder than words." When we use actions to assess a person's intent, we are using circumstantial evidence. Of course, there are many kinds of circumstantial evidence.

In this case, a central question is whether the defendant REFUSED TO PAY THE Plaintiff for its consulting services because of an actual failure to perform by Teleplus, or because the Defendant decided – either before or after Teleplus had fully performed – that it did not want to share the savings with Teleplus. You may make reasonable inferences based on the conduct of the Defendant and its employees to determine the real basis for its actions.

You should consider both direct and circumstantial evidence to reach your own conclusions about what the Defendant did and why.

As I said before, as a general rule, the law does not distinguish between direct and circumstantial evidence, but simply requires that you, the jury, find the facts in accordance with the preponderance of all the evidence, both direct and circumstantial. You may use both direct and circumstantial evidence to find the truth as to the facts of this case.

In short, as jurors, it is your job to look at and listen to the evidence, and to figure out what it means. In figuring out what the evidence means, and where it leads, you are entitled to make all reasonable inferences.

SOURCE: Adapted from 1 & 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL §§ 15.02, 72.03 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL §104.05 (5th ed. 2000). See also COMMITTEE ON MODEL CIVIL JURY INSTRUCTIONS WITHIN THE EIGHTH CIRCUIT, MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, Civil no. 1.02 (2001 ed.).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 13**

General Evidence Instruction – Inferences

You are to consider only the evidence. But in your consideration of the evidence, you are not limited to the statements of witnesses. In other words, you are not limited to what you hear the witnesses testify to. You are permitted to draw, from the facts you find have been proved, such reasonable inferences as seem justified in light of your life experience.

Inferences are deductions or conclusions that your reason and common sense lead you to draw from facts that have been established by the evidence. I will give you a few examples of certain types of inferences you may make.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS § 72.04 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL §§ 104.20, 104.21 (5th ed. 2000).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 14**

Inference Example – Finding as to a Thing Once Proved to Exist

One inference may be how long a state of affairs continues. You may find that a state of affairs, once proved to exist, continues as long as is usual with things of that nature, in the absence of evidence that leads you to a different conclusion.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS § 72.06 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 104.23 (5th ed. 2000).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 15**

Inference Example – Notice, Knowledge, Duty of Inquiry

Another kind of inference may be what a person knows. In the law, the means of knowledge ordinarily are the equivalent of knowledge. By this I mean that, if it appears from the evidence that a person had information that would lead a reasonably prudent person to ask questions through which the person surely would learn certain facts, then this person may be found to have had actual knowledge of those facts, the same as if that person had asked the questions and had actually learned such facts.

That is to say, the law will charge a person with knowledge of whatever the person would have learned, if the person had asked such questions as it would have been reasonable to expect the person to ask under the circumstances.

Further, if it appears that a certain condition has existed for a substantial period of time, and that a person had regular opportunities to observe the condition, then you may draw the inference that he had knowledge of the condition.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS § 72.07 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 104.24 (5th ed. 2000). See also Trapp v. 4-10 Investment Corp., 424 F.2d 1261, 1266 (8th Cir. 1970).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 16**

Standard of Proof – Criminal Cases Distinguished

I now want to talk with you about the burden of proof which will guide you in your deliberations in this case. As I mentioned at the outset of this case, there are two kinds of cases that come to court, criminal cases and civil cases. Criminal cases are cases in which the government charges a person or a company with a crime, and if convicted, the person or company may face criminal penalties, such as fines paid to the government, or prison sentences.

This is not a criminal case. This is a civil case in which the parties' contract calls for payments when certain acts are done. Teleplus is suing to recover what it claims are its damages. I mention this because there is one big difference between criminal cases and civil cases.

In criminal cases, the burden of proof on the government is to prove its case "beyond a reasonable doubt." That burden of proof — proof beyond a reasonable doubt — does not apply here, in this civil case.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 72.01 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 104.10 (5th ed. 2000); COMMITTEE ON MODEL CIVIL JURY INSTRUCTIONS WITHIN THE EIGHTH CIRCUIT, MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, Civil no. 3.04 (2001 ed.).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 17

Standard of Proof – Preponderance of the Evidence

In a civil case such as this, a plaintiff must prove every essential element of his or her claim by a preponderance of the evidence. To establish by a preponderance of the evidence simply means to prove that something is more likely so than not so. Therefore, when you are making decisions in this case and deciding the truth of a matter, you should find it to be true if you think the matter is more likely to be true than not true.

In other words, a preponderance of the evidence in the case means such evidence as when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true.

So although the burden is on the party who asserts the affirmative of an issue to prove its claim by a preponderance of the evidence, this rule, of course, does not require proof to an absolute certainty. Proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may consider the testimony of all of the witnesses regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them.

If the proof should fail to establish by a preponderance of the evidence any essential element of a plaintiff's claim against a defendant, then you should find for the defendant as to that claim. Similarly, as to affirmative defenses or contentions made by

the defendant, the burden is on the defendant to prove the essential facts by a preponderance of the evidence.

In a civil action, such as this, it is proper to find that a party has succeeded in carrying the burden of proof on an issue of fact if, after consideration of all of the evidence in the case, you, the jury, believe that what is sought to be proved on that issue is more likely true than not true.

As we go through the rest of these instructions, I will point out to you what it is that Plaintiff needs to prove. For all of these elements, the burden of proof is the same, that is, proof must be by a preponderance of the evidence. Whenever I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all of the evidence, that the proposition simply is more likely true than not true.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL §§ 72.01, 72.02(4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL §§ 104.01, 104.04 (5th ed. 2000); see also COMMITTEE ON MODEL CIVIL JURY INSTRUCTIONS WITHIN THE EIGHTH CIRCUIT, MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, Civil no. 3.04 (2001 ed.).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 18**

Weighing the Evidence – Credibility of Witnesses

As jurors, you are the sole judges of the credibility of the witnesses, and you decide the weight their testimony deserves. Your determination of the credibility of a witness very largely depends on the impression that he or she made on you as to whether or not he or she was giving an accurate version of what occurred.

When you walk into this courtroom and you sit here while the trial is going on or while you are deliberating, you have with you your common sense, your good judgment, and your experience.

How did the witness impress you? Did his or her version appear straightforward and candid, or did he or she have a reason to or try to hide some facts? Is there a motive to testify falsely, or not to be completely candid? What you try to do is to size a person up, just as you would do in any important matter in which you were deciding whether a person is truthful, candid and straightforward.

Consider also any relation each witness may bear to either side of the case; the manner in which the witness, or the witness' employer, might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence, such as, for example, consistent or inconsistent documents.

After making your own judgment, you will give the testimony of each witness such weight, if any, which you think it deserves in light of the witness' motive and credibility.

In short, you may reject or accept the testimony of one or more witnesses in whole or in part.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 73.01 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 105.01 (5th ed. 2000); see also COMMITTEE ON MODEL CIVIL JURY INSTRUCTIONS WITHIN THE EIGHTH CIRCUIT, MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, Civil no. 3.03 (2001 ed.).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 19**

Weighing the Evidence – Depositions

During this trial, some testimony was presented to you by deposition. Depositions are a witness' sworn and recorded answers to questions asked by the lawyers before trial. If for some reason a witness cannot be present to testify here in the courtroom, his or her testimony may be presented to you by deposition, either in writing or on videotape. Such testimony is entitled to the same consideration, and the witness is to be judged as to credibility, as if the witness had been present here in the courtroom, and had testified from the witness stand. As with live testimony during trial, you may reject or accept the deposition testimony of a witness in whole or in part.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 73.02 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 105.02 (5th ed. 2000).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 20**

Weighing the Evidence – Number of Witnesses not Dispositive

The weight of the evidence is not necessarily determined by the number of witnesses who testify to a fact. The test is not which side brings the greater number of witnesses, or presents the greater quantity of exhibits, but which evidence appeals to you as more accurate, and otherwise trustworthy.

There is no requirement that more than one document or more than one witness prove a fact. The testimony of a single witness which you believe is more likely to be true than not true can be sufficient to prove any fact, and could justify a verdict in accordance with such testimony. This can be so even though any number of witnesses testified to the contrary if, after you consider all the evidence, you have a greater belief in the accuracy and reliability of the one witness.

Indeed, you can find a fact is true even if no witness testifies that it is true, and even if all witnesses say that it is false. For example, based on one or more documents that you trust, you may infer, and therefore find, that certain things happened, even if all of the persons involved currently deny that the things happened in a particular way.

SOURCE: Adapted from 1 & 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL §§ 15.01, 17.21, 72.13, 72.14, 73.12 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § § 104.54, 105.01 (5th ed. 2000); COMMITTEE ON MODEL CIVIL JURY INSTRUCTIONS WITHIN THE EIGHTH CIRCUIT, MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, Civil no. 3.04 (2001 ed.). See also United States v. Merrival, 600 F.2d 717, 719-20 (8th Cir. 1979); United States v. Hastings, 577 F.2d 38, 42 (8th Cir. 1979). United States v. Jones, 486 F.2d 476, 479 (8th Cir. 1973).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 21**

Failure to Produce Available Evidence

You are allowed to find facts based on a party's failure to produce available documents or other such evidence. If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it but did not.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL §§ 72.15, 72.16 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § § 104.25, 104.26 (5th ed. 2000); Rockingham Machine - Lunex Co. v. N.L.R.B., 665 F.2d 303, 304 (8th Cir. 1981); United Auto Workers v. N.L.R.B., 459 F.2d 1329, 1335-36 (D.C.Cir. 1972). See also Lewy v. Remington Arms Co., Inc., 836 F.2d 1104, 1112 (8th Cir. 1988).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 22**

Weighing the Evidence – Expert Witnesses

The Defendant called an expert witness in this case. Because of his training and experience, he was allowed to state his opinion on certain subjects in which he professes to be expert, and to state the reasons for his opinion.

The rules of evidence provide that if scientific, technical or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his or her opinion concerning such matters.

You should consider that expert opinion and give it such weight as you think it deserves. If you should decide that the opinion of that witness is not based on sufficient education or experience, or if you should conclude that the reasons given in support of the conclusion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 72.08 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 104.40 (5th ed. 2000); see also this Court's Standard Jury Instructions.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 23**

Weighing the Evidence – Charts and Summaries

Certain charts or summaries have been shown to you to help explain the facts shown by the records and other documents that are in evidence. However, such charts or summaries are not evidence or proof in and of themselves. They are used only as assistance or a convenience. If the charts or summaries do not correctly reflect facts or figures shown by the evidence, you should disregard them.

Of course, the truth is not measured by one side having more charts or summaries than the other side. You, as the jury, must decide whether the charts and summaries are accurate, and, if so, what weight, if any, they should be given.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 72.09 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 104.50 (5th ed. 2000). See also United States v. Robinson, 774 F.2d 261, 276 (8th Cir. 1985).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 24**

Weighing the Evidence – Impeachment

Having heard the testimony and read the documents, it is your job to decide whom to believe and what documents or witnesses to trust. To help you in this process, the lawyers were allowed to try to persuade you that some witnesses, and some documents, are more trustworthy than others. There were many ways they tried to do this, for example, by discrediting, or impeaching, a witness.

A witness may be discredited or impeached by evidence that contradicts the witness' testimony, by an inconsistent document, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony. The witness may also be impeached by his or her failure to do or say something at some other time, or by the witness' failure to recall things which one reasonably would expect a person to recall.

If you believe a witness has been impeached and thus discredited, because, for example, the witness' testimony is not believable in light of the documents, you may give that witness' testimony such weight, or no weight, as you think it deserves.

If a witness is shown to have knowingly testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other matters. You may reject all the testimony of any witness whom you disbelieve.

Likewise, a document may be discredited if it is contradicted by other documents or testimony, or if it has internal contradictions. In addition, you may disbelieve testimony, documents, or summaries if you believe they are contradicted by other

documents written by persons who were closer to the events or who were more likely to know about the events, or if the documents were written closer in time to the events. One of the most important skills we have in life is learning to determine what is true, and that skill is of great importance in the courtroom.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 73.04 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 105.04 (5th ed. 2000).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 25**

Weighing the Evidence – Effect of Prior Statements

All statements that any witness has made, whether in court or out of court, may be used to impeach or discredit the witness. Such prior statements take on added importance when the witness is an employee (or other agent) of one of the parties, and the statement was made within the scope of the employee's (or agent's) employment.

SOURCE: Adapted from 3A EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 73.09 (4th ed. 1987); 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 105.09 (5th ed. 2000).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 26**

Transition to Claims

This completes my general review of the rules of evidence as they apply in this case. You will be reviewing all of the evidence, both direct and circumstantial, to determine whether the defendant breached the law. Before discussing the law, however, I want to clarify how these allegations apply to the defendants.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 27**

Stipulations

The case you've been hearing is primarily a contract dispute. That is, the parties have stipulated and you must use as your starting point in your deliberations the fact that Teleplus and Conseco entered into a legally-binding contract on February 12, 2001.

SOURCE: Adapted from 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS – CIVIL § 102.11(5th ed. 2000); see also COMMITTEE ON MODEL CIVIL JURY INSTRUCTIONS WITHIN THE EIGHTH CIRCUIT, MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, Instruction No. 2.03 (1999).

## PLAINTIFF'S JURY INSTRUCTION NO. 28.

Breach of Contract Elements

To prove its claim of breach of contract, Teleplus Consulting, Inc., must prove that Conseco Services, LLC, failed to perform a substantial part of the contract without legal justification. To do so, they must prove the following elements:

1. That Teleplus Consulting, Inc., and Conseco Services, LLC entered into the February 12, 2001 agreement;

2. That Conseco Services, LLC breached the terms of the February 12, 2001 agreement;

3. That Conseco Services, LLC's breach caused damages to Teleplus Consulting, Inc., and

4. The amount of those damages.

**[IF ITEM 1 HAS BEEN STIPULATED, REMOVE AND RENUMBER]**

SOURCE: Adopted from Minn. CIVJIG 20:45; Minntech Corp. v. Doss, Civ. No. 4-95-954, available at http://www2.mnbar.org/mipla/jury/4_95_954.html (Date: Nov. 19, 1996) (last visited May 12, 2005).

**PLAINTIFF'S JURY INSTRUCTION NO. 29.**

Definition of Breach of Contract

A contract is breached when there is a failure without legal justification to perform a substantial part of the contract. This breach occurs when one party fails to carry out a part of the contract that required immediate performance.

SOURCE: Adopted from Minn. CIVJIG 20:45.

**PLAINTIFF'S JURY INSTRUCTION NO. 30.**

The Contract Terms

Teleplus Consulting, Inc., claims that Conseco Services, LLC breached an agreement signed on February 12, 2001 under which Conseco Services, LLC promised to pay Teleplus Consulting Inc. under certain conditions.

In order to prove that Conseco Services, LLC breached the February 12, 2001 agreement, Teleplus Consulting Inc., must prove that:

1. Teleplus presented its recommendations to Conseco services as to available carrier pricing plans at any time after February 12, 2001.

2. Conseco Services, LLC entered into one or more telecommunication carrier contracts which contained the same or similar prices as those presented by Teleplus Consulting, within twelve months of the presentation of those options by Teleplus Consulting; and that

3. Conseco Services, LLC failed to pay Teleplus Consulting, Inc., the fee called for in the February 12, 2001 agreement between the parties..

SOURCE: Adopted from Minntech Corp. v. Doss, Civ. No. 4-95-954, available at http://www2.mnbar.org/mipla/jury/4_95_954.html (Date: Nov. 19, 1996) (last visited May 12, 2005).

**PLAINTIFF'S JURY INSTRUCTION NO. 31.**

Calculation of Damages

If you should find, from a preponderance of the evidence in the case, that Teleplus Consulting, Inc., is entitled to a verdict, the law provides that Teleplus Consulting, Inc., is to be fairly compensated for all damages, if any, to its business, which were proximately caused by Conseco Services, LLC's conduct. In arriving at the amount of the award, you should include any damages suffered by Teleplus Consulting, Inc., **[***because of lost profits; that is to say, profits which Teleplus Consulting, Inc., would have made, but for the unlawful conduct of Conseco Services, LLC.***]**

If you should find, from the preponderance of the evidence in the case, that damages to Teleplus Consulting, Inc.'s business was proximately caused by Conseco Services, LLC's breach of the parties' contract, then the fact that the precise amount of Teleplus Consulting, Inc.'s damages may be difficult to ascertain should not affect plaintiff's recovery, particularly if Conseco Services, LLC's wrongdoings have caused the difficulty in determining the precise amount.

**[***On the other hand, Teleplus Consulting, Inc., is not to be awarded purely speculative damages. An allowance for lost profits may be included in the damages awarded, only when there is some reasonable basis in the evidence in the case for determining that plaintiff has in fact suffered a loss of profits, even though the amount of such loss is difficult of ascertainment.*]

SOURCE: Adopted from Minntech Corp. v. Doss, Civ. No. 4-95-954, available at http://www2.mnbar.org/mipla/jury/4_95_954.html (Date: Nov. 19, 1996) (last visited May 12, 2005).

**PLAINITFF'S JURY INSTRUCTION NO. 32**
**[only if the parties do not stipulate that there was a binding contract between Teleplus and Conseco]**

Quasi-Contract Claim - Unjust Enrichment

Teleplus has also raised an unjust enrichment claim against Conseco– the claim that if Conseco does not pay Teleplus, Conseco will have gained an unfair financial reward. Unjust enrichment arises when there is not a valid contract between the parties, and one party is enriched at the other party's expense. A plaintiff can recover under an unjust enrichment claim where it would be unjust to permit the defendant to receive the benefit of the plaintiff's services without compensating him for those services.

SOURCE: Adopted from Roberge v. Cambridge Co-op Creamery Co., 79 N.w.2d 142 (Minn. 1956); Maple Island Farm, Inc. v. Bitterling, 209 F.2d 867 (8th Cir. 1954), *cert. denied* 358 U.S 882.

**PLAINTIFF'S JURY INSTRUCTION NO. 33**

Non-Contract Claim – Fraud and Misrepresentation

While this is primarily a contract dispute, the Plaintiff has made an additional claim against Conseco. That claim is that Conseco falsely represented to Teleplus that Conseco would pay Teleplus if it performed under the parties' agreement.

Fraud my misrepresentation must include all five of these elements:

1. Conseco falsely represented to Teleplus a past or present material fact about which Conseco knew;

2. At the time Conseco made that false representation, Conseco either knew it was false or assert the representation was true when it did not know if it was true or false;

3. Conseco intended that Teleplus would rely on the false representation;

4. Teleplus relied and acted upon Conseco's false representation; and,

5. Teleplus was harmed as a direct result of replying on Conseco's false representation.

SOURCE: Adopted from Minn. CIVJIG 57.10.

**PLAINTIFF'S JURY INSTRUCTION NO. 34.**

Determination of Damages

If you find that Conseco Services, LLC breached its contract with Teleplus Consulting, Inc., you are to determine the amount of money that will fairly and adequately compensate Teleplus Consulting, Inc. for damages caused by Conseco Services, Inc. The damages award, if any, should put Teleplus Consulting, Inc. in the position it would have been in if the contract had not been breached by Conseco Services, LLC. Damages may be awarded for losses that the parties, when they entered the contract, could foresee would probably result if the contract was breached.

In addition, if you determine there was a false representation made by Conseco, you are to determine the amount of money that will fairly compensate Teleplus for the harm it suffered from relying on Conseco's false representation.

SOURCE: Minn. CIVJIG 20:60

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 35.**

You are going to be given what is called a Special Verdict Form. That just means that you will be given a series of questions to answer. Those questions and answers constitute your determination of the facts that have been proven by the parties in this case.

There are instructions on the Special Verdict Form, and you will need to carefully follow those instructions as you go through the form.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 36.**

Closing Instructions

Your verdict must represent the considered judgment of each juror. To return a verdict, it is necessary that each juror agree. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to the individual judgment of each of you. Each of you must decide the case for yourself, but only after an impartial consideration of all of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if you are convinced they are incorrect. But do not surrender your honest beliefs in this case solely because of the opinions of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges — judges of the facts. Your sole interest and duty is to seek the truth from the evidence.

When you retire to the jury room, you should first select one of your number to act as foreperson. Your foreperson will preside over your deliberations and will be your spokesperson here in court.

You will take a verdict form to the jury room. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the verdict form, date it and sign it, and then return to the courtroom.

During your deliberations, if you should desire to communicate with the Court,

please put a message or question in writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you. I caution you, however, with regard to any message or question you might send, that you should never state or specify your present numerical division.

SOURCE: Adapted from 3 KEVIN F. O'MALLEY ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS - CIVIL §§106.01, 106.04, 106.08 (5th ed. 2000).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Teleplus Consulting, Inc., Civil File No. 02-CV-212 (JNE/JGL)

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**SPECIAL VERDICT**

We, the Jury, unanimously find as follows:

SECTION 1.

Question No. 0: [only if the parties do not stipulate to the existence of a binding contract between Teleplus and Conseco]. Was there a binding contract in force between Teleplus and Conseco in 2001?

Answer: ___________________

If you answer Question No. 0 ‘yes”, continue on to Question No. 1. If you answer “no”, skip to Question No. 4.5.

Question No. 1. Did Teleplus present to Conseco in 2001 one or more contract tariffs or other pricing options that Teleplus recommended to Conseco?

Answer_____________________

Question No. 2: If you answer Question No. 1 “yes,” then answer this question: At any time within a year after Teleplus’ presentation to Conseco, did Conseco enter into a contract with a telecommunications carrier that either (a) had pricing that was similar to the options that Teleplus recommended or (b) had other terms that were similar to the options that Teleplus recommended?

Answer ____________________

If you answer either Question No. 1 or No. 2 "no" then you are done with Section 1 of the Special Verdict Form and you should go on to Section 2.

Question No. 3: If you answer both Questions 1 and 2 "yes," then answer this question. Did Conseco fail to pay Teleplus a consulting fee?

Answer ____________________

Question No. 4: If you answer Question No. 3 "yes," then answer this question: What amount of damages is appropriate to compensate Telelpus for Conseco's breach of contract?

Answer _____________________

Question No. 4.5: Did Conseco unjustly receive the benefit of Teleplus' services without compensating Teleplus for those services?

Answer ____________________

If you answer Question No. 4.5 'yes", continue on to Question No. 4.6. If you answer "no", skip to Section 2.

Question No. 4.6: What amount of damages will compensate Teleplus for Conseco's unjust enrichment?

Answer ____________________

Question No. 4.7: Did Conseco falsely represent to Teleplus a past or present material fact about which Conseco knew?

Answer ____________________

If you answer Question No. 4.7 'yes", continue on to Question No. 4.8. If you answer "no", skip to Section 2.

Answer ____________________

Question No. 4.8: At the time Conseco made that false representation, did Conseco either knew it was false or assert the representation was true when it did not know if it was true or false?

Answer ____________________

If you answer Question No. 4.8 'yes", continue on to Question No. 4.9. If you answer "no", skip to Section 2.

Question No. 4.9: Did Conseco intend that Teleplus would rely on the false representation?

Answer ___________________

If you answer Question No. 4.9 'yes", continue on to Question No. 4.10. If you answer "no", skip to Section 2.

Question No. 4.10: Did Teleplus rely and act upon Conseco's false representation?

Answer ___________________

If you answer Question No. 4.10 'yes", continue on to Question No. 4.11. If you answer "no", skip to Section 2.

Question No. 4.11: Was Teleplus harmed as a direct result of replying on Conseco's false representation?

Answer ___________________

If you answer Question No. 4.11 'yes", continue on to Question No. 4.12. If you answer "no", skip to Section 2.

Question No. 4.12: What damages are appropriate to compensate Teleplus for that harm?

Answer ___________________

SECTION 2

Question No. 5: Was Teleplus responsible for the actual drafting of a legal document between AT&T and Conseco?

Answer ___________________

Question No. 6: If you answer Question No. 5 "yes," then answer this question: What amount of damages is appropriate to compensate Conseco for the expense of drafting of a legal document between AT&T and Conseco?

Answer ___________________

Question No. 7: Did Teleplus have an obligation to secure an AT&T contract for Conseco under the parties' agreement or not?

Answer ___________________

If you answer Question No. 7 "no", you are done and should sign the Form below.

Question No. 8: If you answer Question No. 7 "yes," then answer this question: Did Teleplus had an obligation to secure an AT&T contract for Conseco within 8 weeks of February 12, 2001?

Answer ___________________

If you answer Question No. 8 "no", you are done and should sign the Form below.

Question No. 9: If you answer Question No. 8 "yes," then answer this question: Was Conseco was harmed in any way by a delay in signing a contract with AT&T?

Answer ___________________

If you answer Question No. 9 "no", you are done and should sign the Form below.

Question No. 10: If you answer Question No. 9 "yes," then answer this question: By what amount was Conseco harmed due to the delay in signing a contract with AT&T?

Answer ___________________

Dated at St. Paul, Minnesota, this ___ day of _____________, 2005.

____________________________________
FOREPERSON