UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Teleplus Consulting, Inc.,

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil File No. 02-CV-212 (JNE/JGL)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS**

Plaintiff Teleplus Consulting Inc. ("Teleplus") has moved the Court for an order Assessing Sanctions on Defendant Conseco Services, LLC ("Conseco.") In support of that Motion, Teleplus shows as follows:

## A. DEFENDANT'S EXHIBITS WERE NOT TIMELY MADE AVAILABLE TO PLAINTIFF FOR EXAMINATION AND COPYING

According to the Court's Jury Trial Notice, entered on May 9, 2005 (found at Docket Number 53), in this matter (listed second for trial) is scheduled to go to trial on July 5, 2005. The Court's Jury Trial Notice specifically states that all parties are to abide by the filing schedule specifically laid out in Minn. Fed. Local Rules 39.1 and 39.2. The Court's notice notes: "Please read these rules [39.1 &39.2] carefully and comply fully as you prepare for trial. No other scheduling order has been issued by the Court, hence, the parties are bound by Local Rule 39.1." Local Rule 39.1(b)(1)(B) states: "All Exhibits...shall be made available for examination and copying **at least 14 days prior** to the date the first case on the civil calendar is to be called for trial ." (emphasis added.)

The date of the first case on the civil calendar during the week this matter is set to be heard is July 5, 2005. The date 14 days prior to July 5 is June 21, 2005. In compliance with Local Rule 39.1, Plaintiff provided notice to Defendant on June 21 that its exhibits were presently available for examination and copying, and had those materials ready on the required date. Plaintiff also filed its complete listing of its trial exhibits the previous day, June 20, 2005.

As of midnight on June 21, 2005, Plaintiff had received no notice from Defendant that its exhibits were also ready. On June 22, 2005, Plaintiff's counsel was called by a paralegal at Defendant's counsel regarding Defendant obtaining Plaintiff's exhibits; Plaintiff explained that all exhibits were due to have been filed on June 21, and that Plaintiff was willing to exchange a complete set of exhibits if Defendant would produce. On June 23, 2005, Plaintiff's counsel spoke with trial counsel for Defendant and was told that Defendant's exhibits would not be ready until - at the earliest - Friday, June 24, 2005. Affidavit of Darla Jo Boggs, attached hereto. That date would be three days after the date set out in Local Rule 39.1, and only five working days prior to trial.

**B. <u>THE APPROPRIATE SANCTION IS EXCLUSION OF DEFENDANT'S PROPOSED EXHIBITS</u>.**

Conseco has failed to meet the required deadline for producing its proposed trial exhibits as directed by the Court in the May 9, 2005 Notice of Jury Trial. Under Local Rule 39.1(b), failure to comply with the rule will result in sanctions. Such sanctions may result in "**<u>excluding evidence</u>**, preventing a witness from testifying, striking pleadings or papers, refusing oral argument, imposing attorney's fees, or any other sanction..." (emphasis added.)

Teleplus requests, as the appropriate sanction in this instance, that Defendant be barred from submitting the exhibits which were not timely made available, and from using at trial any such exhibits which were untimely made available. The effect of this sanction would be to limit the evidence at trial to the exhibits timely made available by Plaintiff. Defendant will of course be able to make any proper use of the exhibits, but will not be able to introduce other exhibits.

This sanction is needed and appropriate to prevent Defendant from gaining an unfair advantage at trial by virtue of ignoring Local Rule 39.1(b). Defendant has now had three additional days to review and analyze Plaintiff's trial exhibit list, and to continue to prepare its own exhibits. The goal of Local Rule 39.1(b) is to have both parties make their exhibits available simultaneously, not to make one party reveal its case strategy through exhibits so the other party can adjust its strategy and exhibits to fit, nor to gain additional time for trial preparation.

No other sanction will remedy the harm caused by Defendant's failure to timely produce its proposed exhibits, and Plaintiff requests that the Court impose the complete sanction sought by Plaintiff.

Dated: June 23, 2005

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By: s/Christopher K. Sandberg_____________
Christopher K. Sandberg #95485
Darla Jo Boggs #0314912
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
Facsimile: 612-339-0981
Attorneys for Plaintiff Teleplus Consulting, Inc.