UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Teleplus Consulting, Inc.,

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

File No. 02-CV-212 (JNE/JGL)

**DEFENDANT CONSECO SERVICES OPPOSITION TO TELEPLUS' MOTION FOR SANCTIONS**

---

Conseco Services, LLC ("Conseco") submits this Opposition to the Motion for Sanctions filed by Teleplus Consulting, Inc. ("Teleplus"). As discussed herein, the Motion seeks draconian sanctions for a procedural error that resulted in no prejudice to Teleplus. Conseco respectfully requests the Court dismiss the Motion.

## BACKGROUND

The Parties' breach of contract dispute will be heard by the Court beginning on July 5. Pursuant to Local Rule 39.1(b), pretrial submissions are due June 27, 2005. Teleplus filed its pretrial documents on June 20, 2005, apparently in error. Teleplus sent a letter to Conseco on June 21, 2005 stating the Teleplus exhibits were ready for review and copying. When an inquiry was made by Dorsey support staff on June 22, 2005 regarding logistics of copying, and in particular the need to obtain copies promptly of those documents that Teleplus had never previously disclosed as part of discovery,

Teleplus counsel refused to provide a copy of the Teleplus exhibits until Conseco provided a copy of its exhibits.

On June 23, 2005, Conseco counsel Shannon Heim called Teleplus counsel Darla Boggs to discuss documents identified on Teleplus' exhibit list that were not produced in discovery. *See* Affidavit of Shannon M. Heim. In the course of that conversation, counsel discussed the local rule and agreed to talk again shortly. Ms. Boggs telephoned Ms. Heim to instruct her to address any objections in a formal filing with the Court. During that conversation, Ms. Heim stated that notwithstanding an apparent inconsistency between the two local rules concerning pretrial submissions of exhibits and exhibit lists, a fair reading of the rule concerning the actual physical exchange of exhibits supported Ms. Boggs' position, despite the provisions of the corollary local rule concerning exhibit lists. Ms. Heim offered her apologies for the delay and promised to produce copies of the documents the next day. Ms. Boggs offered no continued objection or <u>any</u> indication that Teleplus would be filing a Motion for Sanctions only a couple of hours later.

Conseco produced its trial exhibits to Teleplus counsel at 12:30 p.m. on Friday June 24, 2005. As of the time of this submission, Conseco has not yet received Teleplus' exhibits.

## ARGUMENT

The extraordinary sanctions sought by Teleplus cannot be supported by the de minimis delay in providing hard copies of Conseco's trial exhibits. Contrary to the assertions made by Teleplus, there has been no prejudice to Teleplus, particularly since

even though Teleplus now has all of Conseco's exhibits, Conseco has not received the Teleplus exhibits. Any self-inflicted prejudice to Teleplus due to its apparent misreading of the local rules regarding the time for filing of various pre-trial matters has no bearing on how it could possibly be prejudiced by the fact that neither party provided actual copies of exhibits within 14 days prior to trial as specified in the local rules – especially since Conseco has *yet to receive* Teleplus' exhibits.

The Court retains broad discretion in choosing whether to impose sanctions and what those sanctions should be. *Bergeron v. Northwest Publications, Inc.*, 165 F.R.D. 518, 521 (D. Minn. 1996) . In determining sanctions, the Eighth Circuit suggests that "trial courts consider sanctions that are the least severe necessary to achieve the objective of the sanction." *Bergeron*, 165 F.R.D. at 521 (*citing Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994). Some of the factors that the Court may consider are "the wrongdoer's history, experience and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation." *Bergeron*, 165 F.R.D. at 521-22.

Conseco concedes it inadvertently committed a minor infraction of the local rules by not having its exhibits ready for inspection 14 days prior to trial, as contemplated by Local Rule 39.1(b)(1)(B). It remedied the problem as soon as possible and offered a good faith explanation and apology for the delay. Considering the objection raised by Conseco counsel regarding the substance of Teleplus Exhibit List, specifically the fact that Teleplus is attempting to use at trial previously undisclosed documents, calls into question Teleplus' real motive for bringing the instant motion.

Motions for Sanctions should be reserved for serious infractions of the rules that result in demonstrative prejudice. A federal court in Louisiana, confronted with strikingly similar facts, denied a motion for sanctions and admonished counsel for bringing a Motion instead of resolving the conflict. *See Russo v. Jefferson Parish Water Dept.*, 1997 WL 778689 (E.D. La. 1997) (unpublished opinion, attached to Heim Affidavit). In *Russo*, the Plaintiff overlooked an obligation to provide trial exhibits to opposing counsel 5 days prior to trial. Rather than resolve the issue, Defendant made a demand and then filed a Motion for Sanctions. *Russo*, 1997 WL 778689 at *1. "Moreover, defendant's counsel had not yet provided a copy of defendant's bench book of exhibits to plaintiff's counsel. ... Counsel are cautioned to communicate with one another and to comply with the Court's orders without unnecessarily involving the Court." *Russo*, 1997 WL 778689 at *1.

Teleplus has offered no justification for the significant sanction it seeks. Teleplus only states that "[t]he sanction is needed and appropriate to prevent Defendant from gaining an unfair advantage at trial." Teleplus Memorandum at 3. Since Teleplus has yet to provide its documents to Conseco, the claim of unfair advantage rings especially hollow. Teleplus alleges no bad faith on the part of Conseco that might warrant such a drastic sanction.

## CONCLUSION

Precluding the entirety of Conseco's trial exhibits cannot be justified by a minor error that resulted in no prejudice to Teleplus. Conseco again offers its apologies to

Teleplus for the brief delay and to the Court for the imposition on its time to hear this Motion. Conseco respectfully requests the Motion be denied.

Dated: June 24, 2005

DORSEY & WHITNEY LLP

By s/Shannon M. Heim
Robert E. Cattanach (No. 0153734)
Shannon M. Heim (No. 309771)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Conseco Services, LLC