**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.
Mitchell RUSSO
v.
JEFFERSON PARISH WATER DEPARTMENT
**No. Civ.A. 96-2134.**

Dec. 11, 1997.

CLEMENT, J.

*1 Before the Court is Defendant Jefferson Parish Water Department's Motion in Limine, filed on December 10, 1997. In this motion, defendant (1) objects to the Court's preferred method of handling witnesses and (2) requests **sanctions** against plaintiff for **failure** to **provide** a bench book of **exhibits**.

On December 5, 1997, the Court informed the parties by telephone that it would "prefer" defendant to fully examine its witnesses on cross examination, should they be called during plaintiff's case-in-chief. Defendant strenuously objects to this method of handling witnesses. Defendant contends that it will be unduly prejudiced by the method; that there are only eight witnesses to be called at trial; and that defendant's witnesses may be recalled at any time with little inconvenience. Having considered defendant's objections, the Court will allow defendant to recall its witnesses for its case in chief.

Defendant requests the Court to impose **sanctions** for plaintiff's **failure** to **provide** a bench book of **exhibits**. On January 8, 1997, this Court issued an order requiring the parties to "prepare copies for opposing counsel and a bench book of tabbed exhibits delivered to the Court five working days before the start of the trial." On December 8, 1997--five working days before the start of trial--defendant's counsel "called plaintiff's counsel and left a message stating that defendant's trial booklet was available and that he would be happy to effect an exchange with plaintiff's counsel." [FN1] Plaintiff's counsel responded with a letter questioning whether he was required by court order to exchange bench books. Plaintiff's counsel added: "[I]f you can provide me with contrary authority as to my position on the need to exchange bench books, please let me know and I will reconsider my position." [FN2] Instead of directing counsel's attention to the Courts' January 8, 1997 order, defendant's counsel immediately filed an innappropriate motion for sanctions. As of this morning, defendant's counsel still had not directed the attention of plaintiff's counsel to the Court's January 8, 1997 order. Moreover, defendant's counsel had not yet provided a copy of defendant's bench book of exhibits to plaintiff's counsel. Considering the above circumstances, defendant's motion for sanctions is denied. The Court does, however, order both parties to exchange bench books by 5:00 p.m. today. Counsel are cautioned to communicate with one another and to comply with all the Court's orders without unnecessarily involving the Court.

FN1. Memorandum in Support of Defendant's Motion in Limine, p. 4.

FN2. Memorandum in Support of Defendant's Motion in Limine, Exhibit "A".

1997 WL 778689 (E.D.La.)

**Motions, Pleadings and Filings** **(Back to top)**

• 2:96CV02134 (Docket) (Jun. 24, 1996)

END OF DOCUMENT

EXHIBIT 2

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.
Mitchell RUSSO
v.
JEFFERSON PARISH WATER DEPARTMENT
**No. Civ.A. 96-2134.**

Dec. 11, 1997.

CLEMENT, J.

*1 Before the Court is Defendant Jefferson Parish Water Department's Motion in Limine, filed on December 10, 1997. In this motion, defendant (1) objects to the Court's preferred method of handling witnesses and (2) requests **sanctions** against plaintiff for **failure** to **provide** a bench book of **exhibits**.

On December 5, 1997, the Court informed the parties by telephone that it would "prefer" defendant to fully examine its witnesses on cross examination, should they be called during plaintiff's case-in-chief. Defendant strenuously objects to this method of handling witnesses. Defendant contends that it will be unduly prejudiced by the method; that there are only eight witnesses to be called at trial; and that defendant's witnesses may be recalled at any time with little inconvenience. Having considered defendant's objections, the Court will allow defendant to recall its witnesses for its case in chief.

Defendant requests the Court to impose **sanctions** for plaintiff's **failure** to **provide** a bench book of **exhibits**. On January 8, 1997, this Court issued an order requiring the parties to "prepare copies for opposing counsel and a bench book of tabbed exhibits delivered to the Court five working days before the start of the trial." On December 8, 1997--five working days before the start of trial--defendant's counsel "called plaintiff's counsel and left a message stating that defendant's trial booklet was available and that he would be happy to effect an exchange with plaintiff's counsel." [FN1] Plaintiff's counsel responded with a letter questioning whether he was required by court order to exchange bench books. Plaintiff's counsel added: "[I]f you can provide me with contrary authority as to my position on the need to exchange bench books, please let me know and I will reconsider my position." [FN2] Instead of directing counsel's attention to the Courts' January 8, 1997 order, defendant's counsel immediately filed an innappropriate motion for sanctions. As of this morning, defendant's counsel still had not directed the attention of plaintiff's counsel to the Court's January 8, 1997 order. Moreover, defendant's counsel had not yet provided a copy of defendant's bench book of exhibits to plaintiff's counsel. Considering the above circumstances, defendant's motion for sanctions is denied. The Court does, however, order both parties to exchange bench books by 5:00 p.m. today. Counsel are cautioned to communicate with one another and to comply with all the Court's orders without unnecessarily involving the Court.

FN1. Memorandum in Support of Defendant's Motion in Limine, p. 4.

FN2. Memorandum in Support of Defendant's Motion in Limine, Exhibit "A".

1997 WL 778689 (E.D.La.)

**Motions, Pleadings and Filings (Back to top)**

• 2:96CV02134 (Docket) (Jun. 24, 1996)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.