UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Teleplus Consulting, Inc.,

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

File No. 02-CV-212 (JNE/JGL)

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* REGARDING PLAINTIFF'S FRAUD CLAIM**

---

## INTRODUCTION

Defendant Conseco Services, LLC ("Conseco") respectfully submits this Memorandum in support of its Motion *in Limine* regarding Plaintiff's fraud claim. Plaintiff's sole allegation of fraud is a baseless assertion that Conseco never intended to pay Plaintiff even if Plaintiff performed under the parties' February 12, 2001 Consulting Services Agreement ("the Contract"). See Compl. at ¶¶ 43, 46; Pl.'s Trial Br. at 11. As set forth below, Plaintiff's claim cannot stand because Plaintiff has failed to proffer any evidence in its pretrial submissions supporting an allegation that Conseco had no intent to perform at the time of contract formation. Conseco therefore requests that the Court prohibit Plaintiff from making reference to any acts of fraud allegedly committed by Conseco.

Although the fraud claim could have arguably been disposed of via a motion for partial summary judgment, Conseco was hesitant to request this relief earlier without a

definitive idea of what evidence Plaintiff had—or, as it turns out, does not have—to support its serious allegation of fraud. To focus the issues for trial and to avoid burdening and confusing the jury with a groundless yet potentially damaging claim,[1] Conseco believes it is prudent for the Court to provide the requested relief at this time.

## ARGUMENT

### I. PLAINTIFF'S FRAUD CLAIM FAILS BECAUSE PLAINTIFF CANNOT PROVE THAT CONSECO DID NOT INTEND TO PERFORM UNDER THE CONTRACT AT THE TIME OF ITS INCEPTION.

Plaintiff has no evidence to support its fraud claim. Minnesota law requires a party asserting a fraud claim to prove, as an essential element, "that there was a false representation regarding a past or present fact" and that "the representer knew it was false or asserted it as his or her own knowledge without knowing whether it was true or false." Martens v. Minnesota Mining & Mfg. Co., 616 N.W.2d 732, 747 (Minn. 2000). As such, where a fraud claim is premised on a representation regarding a future event, "an additional element of proof is that the party making the representation had no intention of performing when the promise was made[.]"[2] Id.; C.H. Robinson Worldwide, Inc. v. Ghirardelli Chocolate Co., 2004 WL 1630873, at *4 (D. Minn. 2004) (citing Martens).

---

1 An allegation of fraud entails a charge of "serious wrongdoing" and "moral turpitude[.]" See Parnes v. Gateway 2000, Inc., 122 F.3d 539, 549 (8th Cir. 1997); Segal v. Gordon, 467 F.2d 602, 607 (2d Cir. 1972). This is nothing more than a breach of contract case, and such damaging accusations have no basis here.

2 Contrary to Plaintiff's assertion in its Trial Brief, it is well-established Minnesota law that "[a] subsequent intention to break a promise does not constitute fraud." Wojtkowski v. Peterson, 47 N.W.2d 455, 458 (Minn. 1951); Pl.'s Trial Br. at 11.

"It is a well-settled rule that a representation or expectation as to future acts is not a sufficient basis to support an action for fraud merely because the represented act or event did not take place." Martens, 616 N.W.2d at 747. Rather, a plaintiff has the burden of making an affirmative demonstration that the defendant had no intention to perform at the time the promise was made. Id. (dismissing plaintiff's fraud claim where complaint was devoid of any specific claim that defendant had no intention of fulfilling representations at the time they were made). See also Retek, Inc. v. Cox, 2003 WL 22037709, at *3 (D. Minn. Aug. 29, 2003) ("it must be made affirmatively to appear that the promisor had no intention to perform at the time the promise was made.").

Here, Plaintiff alleges that Conseco made a fraudulent promise about a future event—that Conseco would pay Plaintiff if Plaintiff performed its obligations as required under the Contract. See Compl. at ¶¶ 43, 46; Pl.'s Trial Br. at 11. Accordingly, to establish its fraud claim, Plaintiff must prove that Conseco had no intention of paying Plaintiff at the time it signed the Contract, even if Plaintiff fulfilled its own contractual obligations. See Martens, 616 N.W.2d at 747.

Plaintiff has not identified any witnesses or documents that could possibly establish that Conseco never intended to pay Teleplus at the time the two parties entered into the Contract. Discovery is complete. Plaintiff has identified all exhibits and witnesses that it intends to use at trial. Plaintiff can show nothing more than that Conseco has not paid Plaintiff under the Contract. Even if Plaintiff was due payment under the Contract—which Conseco expressly denies—the mere fact of nonpayment is insufficient to support the essential pre-requisite for a fraud claim that Conseco had no

intent to pay Plaintiff at the time it entered into the Contract. See id. See also Retek, 2003 WL 22037709, at *3 (holding that the "mere fact" plaintiff was never assigned to the work promised by defendant does not "reveal" anything about defendant's intent at the time the promise was made); Cameo Homes, Inc. v. Kraus-Anderson Constr. Co., 2003 WL 22867640, at *7 (granting summary judgment on plaintiff's fraud claims where plaintiff has "shown nothing more than a representation as to future acts that did not take place.").

Additionally, any mere speculative accusation by Plaintiff that Conseco lied about its intent at contract formation is equally insufficient to support its fraud claim. See Retek, 2003 WL 22037709, at *3 (plaintiff's speculation as to defendant's intent at contract formation does not satisfy "the high threshold of proof" required to show fraud). See also Petrie v. Clarke, 147 N.W. 1097, 1097 (Minn. 1914) ("Fraud cannot be proved by a cry of it.").

Plaintiff has failed to proffer any legally sufficient evidence to support its clear obligation under Minnesota law to affirmatively establish that Conseco did not intend to pay Plaintiff at contract formation. As such, Plaintiff cannot not prove an essential element of its fraud claim. In the interest of streamlining the issues for trial, and to avoid unfair prejudice to Conseco, Plaintiff should be barred from making reference to any acts of fraud allegedly committed by Conseco at trial.

## CONCLUSION

For the foregoing reasons, Conseco respectfully requests that the Court grant Conseco's Motion *in Limine* regarding Plaintiff's fraud claim.

Dated: June 24, 2005

DORSEY & WHITNEY LLP

By s/ Robert E. Cattanach
Robert E. Cattanach (No. 0153734)
Shannon M. Heim (No. 309771)
Amy S. Hartman (No. 303446)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Conseco Services, LLC