**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Teleplus Consulting, Inc.,

Plaintiff,

v.

Civil File No. 02-CV-212 (JNE/JGL)

Conseco Services, LLC,

Defendant.

**PROPOSED JURY INSTRUCTIONS OF CONSECO SERVICES**

Defendant Conseco Services, Inc. ("Conseco"), respectfully requests that the Jury be instructed in accordance with the attached jury instructions. The instructions are submitted in two parts: "Opening Instructions" and "Final Instructions."

The Opening Instructions are designed to orient the Jury to the nature of the case, the sequence of its presentation, and the Jury's role in its outcome. It is intended that they will be read to the Jury after its members have been sworn and before opening statements by counsel.

The Final Instructions are designed to instruct the Jury on the law the Jury will need to know to resolve this dispute. It is intended that they will be read to the Jury immediately prior to or after the closing arguments by counsel. Conseco suggests that the jury be permitted to take the both the Opening and Final Instructions into the deliberation room. Conseco reserves the right to propose additional or alternative instructions as warranted by the evidence received at trial or as a result of the pending

motions in limine. Conseco also reserves the right to amend any of its proposed instructions.

By submitting these proposed jury instructions, Conseco does not waive any of the positions it has taken in its motion in limine, nor does Conseco waive their right to object to any of Plaintiff's proposed exhibits or proposed witnesses. Those positions and objections are hereby expressly reserved.

Dated: June 27, 2005

DORSEY & WHITNEY LLP

By s/Shannon M. Heim

Robert E. Cattanach #0153734
Shannon M. Heim #309771
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

ATTORNEYS FOR DEFENDANT
CONSECO SERVICES, LLC

# OPENING INSTRUCTIONS

## CONSECO'S PROPOSED OPENING INSTRUCTION NO. 1

Members of the jury:

You have now been sworn in.

Here are some basic rules about your job as a juror.

Your job will be to find what the facts are in this case by considering the evidence.

As judge I will apply the rules and tell you what you can and cannot consider as evidence.

**What is evidence**

1. Evidence is what witnesses say on the stand. This is called "testimony".

2. Evidence can be items like e-mails and other documents. These items are called exhibits.

3. There are also facts you must accept:

   a. Evidence can be facts that the attorneys agree on. This agreement is called a stipulation.

   b. There may also be facts that I tell you to accept.

**What is not evidence**

The following are not evidence:

1. Nothing the attorneys say during the trial, including opening statements and closing arguments, is evidence.

2. The attorneys' questions are not evidence. The witnesses' answers are.

3. Objections are not evidence. Attorneys may object if they think a question or answer is against the rules:

a. I will sustain the objection if I think it is against the rules, and you should ignore this question or answer.

b. If I overrule the objection, the question or answer is evidence like the rest of the witness's testimony.

4. You cannot consider anything you hear or learn about this case outside this courtroom.

You must follow the instructions on what you can consider as evidence.

**Taking notes**

You may take notes during the trial. You do not have to.

Do not let your note taking distract you.

Your notes must stay in the courtroom during the trial.

You may take them into the jury room during deliberations.

Use your notes as an aid to your memory. Fit them in with your total recollection of the facts.

A written note does not necessarily make a piece of evidence more important, whether you or another juror wrote it down.

**Deciding the facts**

Wait until you have heard all the evidence before you make up your mind.

Your best guide is your own good judgment, experience and common sense.

In addition ask yourself:

1. Is a witness being truthful?

2. Will a witness gain or lose if this case is decided a certain way?

3. How did a witness come by the facts? How well did he or she remember the facts?

4. Does he or she seem honest and sincere?

5. Is the witness's testimony reasonable compared with other evidence?

**Duty of the jury**

You must decide the facts.

You and only you can decide the facts. Do not take anything I say or do as a sign of what the verdict should be.

Once the facts are decided, you must follow the law.

You must follow the law even if you don't agree with it.

**How to act as a jury member**

Now a few words about your conduct as jurors:

Do not let outsiders influence you.

Do not discuss this case with other jury members during the trial.

You will have plenty of time to do this at the end of the trial, once you have all the evidence.

If anyone tries to discuss this case with you outside the courtroom, report this to me.

Do not read or listen to news reports about the case.

Do not do your own investigation.

Keep an open mind until you have heard or seen all of the evidence.

Remember you cannot consider anything you hear or learn about this case outside this courtroom.

Authority: CIVJIG 10.20

**CONSECO'S PROPOSED OPENING INSTRUCTION NO. 2**

The party who brings a lawsuit is called the "Plaintiff." The plaintiff in this case is Teleplus Consulting, Inc., a corporation that was hired to provide certain services regarding telecommunications contracts to the defendant between February 12 and October, 2001. The party who is sued in a lawsuit is called the "Defendant." The Defendant in this case in Conseco Services, LLC.

The Plaintiff claims that the Defendant breached the terms of the contract between the parties and refused to pay Plaintiff the commission it believes it earned. The Defendant claims that the Plaintiff failed to perform as required under the contract, and that this failure precludes it from recovery under the contract. The Defendant has counterclaimed against the Plaintiff, seeking damages for Plaintiff's non-performance.

# CLOSING INSTRUCTIONS

## CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 1

### Preliminary Statement—Duties of Judge and Jury

I will give you your instructions.

The order in which I give the instructions is not important.

Consider all the instructions together.

You must apply the law in these instructions whether you agree with it or not.

You must follow all of the instructions. Do not single out some and ignore others—all of them are equally important.

**Duties of the jury and the judge**

You must decide what the facts are from the evidence you have heard and seen. You must apply the law to these facts. I will explain which laws apply.

The questions you have to decide are listed on the verdict form. I will order a judgment based on your answers to the questions and the law.

It is your exclusive duty to answer the questions on the verdict form. Do not take anything I do or say as a sign of what the answers should be.

**Decide the case on the evidence**

Decide the case on the evidence.

Base your decision only on the evidence you have seen or heard in this courtroom.

You must not let events outside the courtroom influence you.

**Your most important duty: Be impartial**

You cannot take sides based on personal likes, dislikes or prejudices.

You must not be concerned that a particular answer on the verdict form is favorable to one party or the other.

Authority: CIVJIG 10.20

## CONSECO’S PROPOSED CLOSING INSTRUCTION NO. 2

### Statements of Counsel and Judge

**Duties of the attorneys**

The attorneys have professional duties:

1. They represent their clients.

2. They introduce evidence to support or defend their clients.

3. They make objections.

4. They argue their clients' cases.

**Statements of the attorneys and judge**

Nothing the attorneys say during the trial, including opening statement and closing argument, is evidence.

The attorneys' questions are not evidence. The witnesses' answers are evidence.

What I say or what the attorneys say about the evidence may be different from what you remember. If that happens, rely on your own memory.

What the attorneys say about the law may be different from what I say. If this happens, you must rely on what I say about the law.

Authority: CIVJIG 10.25

## CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 3

### Ruling on Objections To Evidence

The law has rules about the evidence allowed in a case. It is my duty to make sure the rules are followed.

**Objections**

Attorneys may object if they think a question or answer is against the rules. Keep the following in mind about objections:

1. If I have sustained the objection, ignore this question or answer.

2. If I have overruled the objection, the answer is evidence like anything else.

3. Remember that objections by themselves are not evidence.

4. The fact that evidence has been objected to should not affect your view of the evidence.

**Evidence that is not allowed**

I will tell you when other types of evidence are against the rules and have to be ignored or stricken from the record.

Authority: CIVJIG 10.30

# CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 4

## Notes Taken By Jurors

### How to use notes

If you took notes during the trial, you may take them to the jury room.

Use the notes as an aid to your memory and not as a substitute for it.

A written note does not necessarily make a piece of evidence more important, whether you or another juror wrote it down.

Authority: CIVJIG 10.35

## CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 5

### Deliberation and Return of Verdict

Here are some instructions about your deliberations and return of the verdict.

**Items that will be in the jury room**

During your deliberations you will have the following items in the jury room:

1. Any exhibits received in evidence

2. The notes you took during the trial

3. The written final instructions

4. The verdict form.

**Selection of a foreperson**

When you return to the jury room to discuss this case, you must select a jury member to be foreperson. That person will lead your deliberations.

**The jurors' duty to discuss the case**

The goal of jury deliberations is to talk among yourselves in order to reach an agreement about the verdict.

This agreement must be consistent with your own judgment.

Each of you must decide the case for yourself, but do so only after you have fully considered the views of your fellow jurors.

Re-examine your own view and change your mind, if you decide your original view was mistaken.

But do not change your mind just because other jurors disagree, or simply because of pressure to return a verdict.

**Kinds of verdict**

*Unanimous verdict*

Your verdict must be unanimous, that is: all jurors must agree on all the answers.

The foreperson must date and sign the verdict form if your verdict is unanimous.

*Divided verdict*

If you cannot reach a unanimous verdict after six hours of deliberation, then five of you may return a verdict.

If you return a verdict that is not unanimous, the five jurors must agree to sign and date the jury form.

The same five jurors must agree on all answers.

**Return of the verdict**

When you agree on a verdict, notify the bailiff.

You will return to the courtroom where your verdict will be received and read out loud in your presence.

**Sealed verdict**

If you agree on a verdict when the court is in recess:

1. Put your completed verdict in the envelope and seal it.

2. Give the sealed envelope to ____.

3. You may leave the courthouse.

4. You must return to the court at ____, when I will receive your verdict in open court. The verdict will be read out loud in your presence.

5. Do not discuss the case with anyone or let anyone know your verdict, until it is read in court.

**Secrecy of the jury deliberations**

Your deliberations must be secret and confidential.

You must not communicate with anyone except other jury members about the case during your deliberations.

During your deliberations, you may have questions about things unrelated to the case itself (such as supplies or the physical facilities). If so, ask the bailiff.

**Juror's responsibility**

You must not allow sympathy, prejudice, or emotion to influence your verdict.

The quality of your service will be reflected in the verdict you return to this court.

Your arrival at a just and proper verdict contributes to the administration of justice.

Authority: CIVJIG 10.45

## CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 6

### Expert Testimony

**Opinion testimony**

Most witnesses are allowed to testify only about what they saw, heard, or experienced. Usually, they are not allowed to give their opinions.

But some witnesses are allowed to give their opinions, because they have special training, education, and experience.

When a witness gives an opinion, you should consider the following guidelines:

1. What are the education, training, experience, knowledge, and ability of the witness?

2. What reasons are given for the opinion?

3. What are the sources of the information?

4. What are the guidelines already given to you for any testimony?

You need not give this opinion testimony any more importance than other evidence.

Authority: CIVJIG 12.30

**CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 7**

**Burden of Proof**

**Deciding the issues in a case**

You will be asked to answer "yes" or "no" to some questions on the verdict form.

The greater weight of the evidence must support a "yes" answer.

This means that all of the evidence, regardless of which party produced it, must lead you to believe that the claim is more likely true than not true.

Greater weight of the evidence does not necessarily mean the greater number of witnesses or the greater volume of evidence.

Any believable evidence may be enough to prove that a claim is more likely true than not.

Authority: CIVJIG 14.15

## CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 8

### Contract—Elements

**Definition of a "contract"**

> A contract exists when the parties agree with reasonable certainty about the same thing, and on the same terms.

Authority: CIVJIG 20.10

**CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 9**

**Contract—Breach**

To prevail on a breach of contract claim, a party must prove (1) the formation of the contract; (2) that the party performed any conditions precedent to its right to demand performance by the other party; and (3) breach of the contract by the other party.

Authority: Industrial Rubber Applicators, Inc. v. Eaton Metal Prods. Co., 171 N.W.2d 728, 731 (Minn. 1969) (overruled in part by Standslast v. Reid, 231 N.W.2d 98 (Minn. 1975)); Minnesota Mining & Mfg. Co. v. Rauh Rubber, Inc., 943 F. Supp. 1117, 1126 (D. Minn. 1996); In re Health Risk Mgmt., Inc., 319 B.R. 181, 187 (D. Minn. 2005).

**CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 10**

**Contract—Condition Precedent**

**Definition of "condition precedent"**

A condition precedent is an event that must occur before a party is entitled to recover under the contract.

Authority: Minnwest Bank Cent. v. Flagship Props. LLC, 689 N.W.2d 295, 299 (Minn. Ct. App. 2004).

**CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 11**

**Contract—Breach**

**Definition of "breach of contract"**

A contract is breached when there is a failure, without legal justification, to perform a substantial part of the contract.

This breach occurs when one party:

Fails to carry out part of the contract that required immediate performance.

Authority: CIVJIG 20.45

**CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 12**

**Contract—Legal Justification**

A party's failure to adequately perform its obligations under the parties' contract legally justifies the other party's refusal to pay under the contract.

Authority: Conroy v. Book Automation, Inc., 398 N.W.2d 657, 660-61 (Minn. Ct. App. 1987).

**CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 13**

**Contract Construed Against The Drafter**

The words of a contract are to be taken most strongly against the party using them. If a contract is prepared by one of the parties and the language is ambiguous, it should be construed against the drafting party.

Authority: Turner v. Alpha Phi Sorority House, 276 N.W.2d 63, 66 (Minn. 1979); Hilligoss v. Cargill, Inc., 649 N.W.2d 142, 148 (Minn. 2002); Current Technology Concepts v. IRIE Enterpris., 530 N.W.2d 539, 543 (Minn. 1995).

**CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 14**

**Damages**

If you find that Conseco Services breached its contract with Teleplus Consulting, you are to determine the amount of money, if any, that will fairly and adequately compensate Teleplus for damages caused by the breach of the contract.

The damages award, if any, should put Teleplus in the position it would have been in if the contract had not been breached by Conseco.

In addition, if you determine there was a false representation made by Conseco, you are to determine the amount of money that will fairly compensate Teleplus for the harm it suffered from relying on Conseco's false representation.

Authority: CIVJIG 20.60 (modified)

## CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 15

### Fraud and Misrepresentation

To prevail on its fraud by misrepresentation claim, Teleplus must prove the following five elements:

**False representation**

1. Conseco falsely represented a past or present material fact to Teleplus.

A fact is "material" if it would have influenced the other person's judgment or decision had it been known.

The fact must be something that is knowable. This means it must be possible to discover the fact.

**Knowledge**

2. At the time the false representation was made, Conseco knew the representation was false and Conseco had no intent of fulfilling the promise made in the representation.

**Intent**

3. The false representation was made by Conseco intending that Teleplus would rely on it.

**Reliance**

4. Teleplus relied and acted on the false representation.

**Harm occurred**

5. Teleplus was harmed as a direct result of relying on the false representation.

Authority: CIVJIG 57.10 (modified); Martens v. Minnesota Mining & Mfg. Co., 616 N.W.2d 732, 747 (Minn. 2000); C.H. Robinson Worldwide, Inc. v. Ghirardelli Chocolate Co., 2004 WL 1630873, at *4 (D. Minn. 2004).

## CONSECO'S PROPOSED CLOSING INSTRUCTION NO. 16

### Fraud and Misrepresentation—Damages

**Deciding damages for fraud and misrepresentation**

If you are required to decide damages, decide the amount of money, if any, that will fairly and adequately compensate Teleplus for the damages directly caused by relying on Conseco's misrepresentation.

Damages for fraud or misrepresentation are limited to:

Damages that were directly caused by relying on the fraud or misrepresentation before discovery of the fraud or misrepresentation.

Authority: CIVJIG 57.25 (modified)

**CONSECO'S PROPOSED COUNTERCLAIM CLOSING INSTRUCTION NO. 1**

**Contract—Breach**

To prevail on a breach of contract claim, a party must prove (1) the formation of the contract; (2) that the party performed any conditions precedent to its right to demand performance by the other party; and (3) breach of the contract by the other party.

Authority: Industrial Applicators, Inc. v. Eaton Metal Prods. Co., 171 N.W.2d 728, 731 (Minn. 1969) (overruled in part by Standslast v. Reid, 231 N.W.2d 98 (Minn. 1975)); Minnesota Mining & Mfg. Co. v. Rauh Rubber, Inc., 943 F. Supp. 1117, 1126 (D. Minn. 1996); In re Health Risk Mgmt., Inc., 319 B.R. 181, 187 (D. Minn. 2005).

# CONSECO'S PROPOSED COUNTERCLAIM CLOSING INSTRUCTION NO. 2

## Contract—Breach

**Definition of "breach of contract"**

A contract is breached when there is a failure, without legal justification, to perform a substantial part of the contract.

This breach occurs when one party:

Fails to carry out part of the contract that required immediate performance.

Authority: CIVJIG 20.45

**CONSECO'S PROPOSED COUNTERCLAIM CLOSING INSTRUCTION NO. 3**

**Damages**

If you find that Teleplus Consulting breached its contract with Conseco Services, you are to determine the amount of money, if any, that will fairly and adequately compensate Conseco for damages caused by the breach of the contract.

The damages award, if any, should put Conseco in the position it would have been in if the contract had not been breached by Teleplus.

In addition, if you determine there was a negligent misrepresentation made by Teleplus, you are to determine the amount of money that will fairly compensate Conseco for the harm it suffered from relying on Teleplus' negligent misrepresentation.

Authority: CIVJIG 20.60 (modified)

**CONSECO'S PROPOSED COUNTERCLAIM CLOSING INSTRUCTION NO. 4**

Negligent Misrepresentation

**Definition of "negligent misrepresentation"**

"Negligent misrepresentation" occurs when a company in the course of its business or profession during a transaction in which it has a financial interest:

1. Supplies false information to another person to guide them in that person's own business transactions, and

2. Fails to use reasonable care or competence in obtaining the information or communicating it to that person, and

3. The other person relied on the information, and

4. The other person was justified in relying on that information, and

5. The other person was financially harmed by relying on the information.

"Reasonable care" is the care a reasonable person would use in the same or similar circumstances.

Authority: CIVJIG 57.20