**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Teleplus Consulting, Inc.,

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

Civil File No. 02-CV-212 (JNE/JGL)

**CONSECO'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF ROBERT WILSON AND METRIS DOCUMENTS**

Defendant Conseco Services, LLC ("Conseco") hereby moves this Court in limine for an order excluding the testimony of Robert Wilson and any of the Metris documents listed as Exhibits 77-89. Teleplus Consulting, Inc. ("Teleplus") failed to properly disclose to the opposing party their intention to use Roger Wilson as a witness and Metris documents Exhibits 77-89 as evidence as required by Federal Rules of Civil Procedure 26(a).

**FACTS**

In 2001, Conseco and Plaintiff Teleplus entered into a telecommunications consulting contract (the "Contract") whereby Teleplus agreed to negotiate telecommunications contracts on Conseco's behalf. After several months of negotiations, Teleplus was unable to deliver a contract, and its strategy had alienated Conseco's telecommunications vendors. Teleplus was relieved of its responsibilities, and Conseco hired a law firm to help it negotiate its telecommunications contracts.

Both parties conducted discovery, including the required Rule 26(a) disclosures. Discovery closed on September 1, 2003. At no time did Teleplus identify Robert Wilson as a potential witness, or the Metris documents as relevant.

**ARGUMENT**

**A. Evidence That is Not Properly Disclosed Should be Excluded.**

Despite many opportunities to disclose Mr. Roberts, Plaintiff Teleplus Consulting failed to disclose the existence of Mr. Roberts, the content of his testimony or even its basic relevance. Witnesses not properly disclosed to the other party should be excluded. Federal Rule 26(a)(1)(A) of Civil Procedure provides that:

> (1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
>
> > (A) the name and, if known, the address and telephone number each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

The modern rules of discovery were designed to eliminate trial by ambush. American Standard Ins. Co. v. LE, 551 N.W.2d 923, 924 (Minn. 1996). The purpose for discovery rules is to take the surprise out of trial so that all relevant information is disclosed beforehand. Jeepson v. Swanson, 68 N.W.2d 649 (Minn. 1955). Teleplus identified this witness and his corresponding documents on the eve of trial with no forewarning. Conseco has had no opportunity to depose Mr. Wilson or seek documents that may be related to his testimony.

A party that fails to disclose information required by Federal Rules of Civil Procedure 26(a) shall not be permitted to use the nondisclosed information as evidence at trial. Trost v. Trek Bicycle Corp., 162 F.3d 1004 (8th Cir. 1998). Even assuming that the content of Mr. Roberts' testimony and the documents Teleplus presumably intends to introduce were somehow relevant to this dispute – an assumption that cannot be sustained as discussed below – Teleplus failed to give sufficient notice, indeed any notice whatsoever, that would have allowed Conseco to prepare to respond.

**B. Any Evidence, Argument and Testimony regarding Metris Employee Robert Wilson and Metris Documents Should Be Excluded For Lack of Relevance.**

More fundamentally, the Metris witness and documents, identified on Teleplus's Exhibit List as 77-89, lack any relevance to the dispute before the court. While Conseco has not had an opportunity to determine exactly what it is Mr. Wilson intends to say to the jury, it appears that the essence of his testimony will be something along the lines of "Teleplus did a fine job negotiating my contracts, and we paid them." The fact that Teleplus may have adequately performed under another contract for another customer bears no relevance whatsoever to the issues before this Court: whether Teleplus performed according under this contract for this customer.

Federal Rule of Evidence 401 defines "Relevant Evidence" as:

> [E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.

Federal Rule of Evidence 402 provides that evidence that is not relevant is not admissible. See also In re New World Inns, Inc., & Bonhiver, v. Peoples Bank of Trenton, 555 F.2d 662 (8th Cir. 1977) (Evidence of alleged fraud was irrelevant and properly excluded when it did not show that the loan in question was made to defendant.); (International Surplus Lines Ins. Co. v. Fireman's Fund Ins. Co., 998 F.2d 504, 508 (7th Cir. 1993) (Evidence that is not probative of any relevant issue is properly excluded).

The issue before this Court are whether Teleplus performed under its Agreement with Conseco. Evidence of Teleplus' performance under some other contract, such as with Metris, bears no relevance whatsoever to that question. Any testimony by Metris employees, or documents relating to Metris, do not have any tendency to prove or disprove whether or not Teleplus performed for Conseco. Therefore, any such evidence should be excluded.

## CONCLUSION

Teleplus failed to disclose in discovery the existence of a witness it intends to call at trial, Robert Wilson, as well as documents it intends to introduce at trial. Beyond the

failure to disclose this evidence as part of discovery, the testimony and documents are irrelevant and should be excluded.

Dated: June 27 , 2005

DORSEY & WHITNEY LLP

By s/Shannon M. Heim
Robert E. Cattanach (0153734)
Shannon M. Heim (0309771)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

***Attorneys for Conseco Services, LLC***