**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Teleplus Consulting, Inc.,

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

Civil File No. 02-CV-212 (JNE/JGL)

**CONSECO'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF CORPORATE MISDEEDS**

Defendant Conseco Services, LLC ("Conseco") hereby moves this Court in limine for an order excluding any evidence or reference to any alleged misdeeds or malfeasance by officers and directors of Conseco.

**FACTS**

In 2001, Conseco and Teleplus Consulting, Inc. ("Teleplus") entered into a telecommunications consulting contract (the "Contract") whereby Teleplus agreed to negotiate telecommunications contracts on Conseco's behalf. Conseco sought to renegotiate its telecommunications contracts because the rates contained in those contracts were significantly above market and Conseco was unable to meet its obligation to buy volume services under its existing contracts resulting in a significant shortfall. After several months of negotiations, Teleplus was unable to deliver a contract, and its strategy had alienated Conseco's telecommunications vendors. Conseco was forced to

fire Teleplus and hire a law firm to negotiate its telecommunications contracts. Within several weeks, the firm had negotiated new contracts for Conseco.

In December 2002, Conseco filed for Chapter 11 bankruptcy. Immediately prior to and during the course of Conseco's bankruptcy proceedings, allegations of corporate misdeeds and malfeasance were rampant in both the legitimate and tabloid media.

## ARGUMENT

### A. Evidence of Alleged Misdeeds is Irrelevant and Should be Excluded.

Evidence of alleged corporate misdeeds or malfeasance should be excluded because it is irrelevant and its probative value is outweighed by its potential for prejudice. Federal Rule of Evidence 401 defines "Relevant Evidence." It states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Federal Rule of Evidence 402 provides that evidence that is not relevant is not admissible. See also In re New World Inns, Inc., & Bonhiver, v. Peoples Bank of Trenton, 555 F.2d 662 (8th Cir. 1977) (Evidence of alleged fraud was irrelevant and properly excluded when it did not show that the loan in question was made to defendant.); International Surplus Lines Insurance Co. v. Fireman's Fund Insurance Co., 998 F.2d 504, 508 (Evidence that is not probative of any relevant issue is properly excluded.)

The issues before this Court are whether Teleplus performed under the Contract so as to entitle it to payment, and whether Conseco was damaged by the delay in reaching a

final contract. Evidence of alleged misdeeds on the part of officers or directors of Conseco bears no relevance whatsoever to the issues before this Court. Any evidence of misdeeds has no tendency to prove or disprove whether or not Teleplus performed under the contract, or whether Conseco was damaged by the delay in signing a new contract. Therefore, any such evidence should be excluded.

**B. Evidence of Alleged Misdeeds is Prejudicial and Should be Excluded.**

Even if evidence of alleged misdeeds was relevant, it should still be excluded because any probative value is outweighed by its unfair prejudice. Federal Rule of Evidence 403 provides that some evidence which is otherwise relevant "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." District courts have broad discretion under Federal Rule of Evidence 403 to exclude probative, but unfairly prejudicial evidence. United Fire and Casualty Co. v. Historic Preservation Trust, 265 F.3d 722, 728 (8th Cir. 2001). Fortune Funding, LLC v. Ceridian Corp., 368 F.3d 985, 990 (8th Cir. 2004) (Evidence with little or no probative value is properly excluded).

Evidence of alleged corporate misdeeds that are not related to the issues before the Court would only be inflammatory and unfairly prejudicial. The probative value of any such evidence is non-existent, but it is very likely that a jury would find such evidence to be proof of the reputation or "character" of Conseco. This would unfairly prejudice Conseco when the actual issue is whether Teleplus performed under the contract, not whether any of Conseco's officers or directors ever behaved badly. Under Federal Rule

of Evidence 403 and case law, such evidence is properly excluded, and should be excluded in this case.

**CONCLUSION**

Evidence of alleged misdeeds or malfeasance by Conseco officers and directors is not relevant whatsoever and is highly prejudicial, and therefore, should be excluded.

Dated: June 27 , 2005

DORSEY & WHITNEY LLP

By s/Shannon M. Heim
Robert E. Cattanach (0153734)
Shannon M. Heim (0309771)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

***Attorneys for Conseco Services, LLC***