**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Teleplus Consulting, Inc.,

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

Civil File No. 02-CV-212 (JNE/JGL)

**CONSECO'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE HEARSAY TESTIMONY BY TELEPLUS WITNESSES**

Defendant Conseco Services, LLC ("Conseco") hereby moves this Court *in limine* for an order excluding the hearsay testimony of any Teleplus witness regarding statements that Teleplus alleges that Conseco made (allegation that Conseco denies) to third-party telecommunications carriers.

At trial, it is anticipated that the plaintiff will attempt to present hearsay testimony relating the out-of-court statements made by AT&T, WorldCom and Verizon regarding the circumstances and timing of Conseco's discharge of Teleplus. Any Teleplus testimony regarding these out-of-court statements would be inadmissible hearsay under F.R.E. 802. Because no exception applies, the testimony should be excluded on that basis.

## ARGUMENT

### A. Federal Rule of Evidence 801 Prohibits Hearsay Testimony

Hearsay is evidence of a declarant's out-of court statement offered to prove the truth of what is asserted in the statement. See F.R.E. 801. Hearsay evidence will not be admitted unless it falls under one of the hearsay exceptions, regardless of its importance

to proving the plaintiff's case. See Chadwell v. Koch Refining Co. L.P., 251 F.3d 727, 731 (8th Cir. 2001). No exceptions to the hearsay rule apply to the third-party statements of carriers and their employees. See F.R.E. 803. There can be no doubt that hearsay provided by Teleplus would be offered to prove the truth of the matter asserted.

**B. Teleplus Has Indicated It May Attempt to Offer Inadmissible Hearsay Evidence In Support of its Claims**

Teleplus' Trial Brief contained references to what Conseco allegedly said to employees of AT&T, WorldCom and Verizon in roughly the timeframe that Conseco discharged Teleplus. For example, Teleplus claims that Conseco "secretly removed Teleplus from the AT&T negotiations by directive AT&T to send them the final version of the carrier's proposed contract directly to Conseco and not send it *via* Teleplus." Teleplus Trial Brief at 11.

No representative from AT&T, WorldCom or Verizon has supported Mr. Steen's accusations in their deposition testimony, nor has any witness from Conseco. There is no evidence in the record to support such an assertion by Teleplus. Statements of this nature are classic hearsay and are properly excluded from evidence. Presenting an after-the-fact objection at trial regarding this type of testimony – which Conseco believes Mr. Steen may conveniently "blurt out" before any objection can be made – will be insufficient to prevent substantial prejudice to Conseco. The jury should be precluded from hearing any such statement from a Teleplus witness. Teleplus will have adequate opportunity to call the witnesses it asserts made such a statement and to cross examine the Conseco witnesses to the extent appropriate.

## CONCLUSION

Conseco respectfully requests that hearsay evidence regarding statements made by Conseco to third-party carriers be excluded.

Dated: June 27, 2005

DORSEY & WHITNEY LLP

By _s/Shannon M. Heim_______________
Robert E. Cattanach (0153734)
Shannon M. Heim (0309771)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

***Attorneys for Conseco Services, LLC***