**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Teleplus Consulting, Inc.,

Plaintiff,

v.

Conseco Services, LLC,

Defendant.

Civil File No. 02-CV-212 (JNE/JGL)

**CONSECO'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF AFFILIATE/AFFINITY WIRELESS PROGRAM**

Defendant Conseco Services, LLC ("Conseco") hereby moves this Court in limine for an order excluding evidence of an Affiliate/Affinity Wireless Program.

## FACTS

In 2001, Conseco and Teleplus Consulting, Inc. ("Teleplus") entered into a telecommunications consulting contract (the "Contract") whereby Teleplus agreed to negotiate telecommunications contracts on Conseco's behalf, including one for a wireless Affiliate/Affinity program. Conseco was considering a new Verizon wireless contract at the time Teleplus was retained. At Teleplus' urging, Conseco put that contract aside to allow Teleplus the opportunity to negotiate a radically new program with Conseco's wireless carrier whereby that carrier would sell wireless services not only to Conseco, but to Conseco's employees, independent insurance agents and customers. The plan as envisioned by Teleplus ostensibly would benefit the buyer because it contained lower rates than available in the market due to Conseco's volume of business, and benefit.

Conseco because it would receive a percentage rebate from the wireless carrier based on the revenue generated from the employees, agents and customers. Teleplus envisioned the Affiliate/Affinity Program as a huge financial bonanza for both Conseco and Teleplus, which under its agreement with Conseco would receive 30% of the rebates, which Teleplus estimated would be in the millions.

As with all "get-rich-quick" schemes, this one proved too good to be true. Teleplus could not get any wireless carrier to offer such a plan. After allowing Teleplus almost 9 months to deliver, Conseco gave up on it, and relieved it of any further responsibilities. Conseco instead simply signed a traditional wireless program with Verizon. At no time did Conseco ever enter into anything that even remotely resembled the "Affinity/Affiliate" program envisioned by Teleplus.

Notwithstanding the fact that not a shred of evidence exists to support a claim that Teleplus is due any compensation based on revenues from a non-existent program, Teleplus refuses to dismiss this claim from its complaint. Although in hindsight the Affiliate/Affinity claim probably could have been disposed of via a motion for partial summary judgment, Conseco was hesitant to request this relief earlier without a definitive idea of what evidence Plaintiff had—or, as it turns out, does not have—to support its claim of an Affiliate Program and the related damages. Teleplus has not included any documents to suggest that such a program exists. None of the witnesses identified by Teleplus for trial have every testified that such a program exists, nor could they. Teleplus has not included any itemization of damages related to an Affiliate/Affinity Program in

its pre-trial submissions, for the obvious reason that any such measure of damages would be based on the savings realized by Conseco, which of course never occurred.

Nevertheless, Conseco continues to reference that portion of the contract in its Trial Brief. See Teleplus Trial Brief at 3-4. To allow the jury to focus on the actual issues for trial, and to avoid unnecessary burden and confusion over a groundless yet potentially damaging claim, Conseco respectfully requests that it would be appropriate for the Court to provide the requested relief at this time.

## ARGUMENT

### A. The Consulting Services Agreement Requires Teleplus To Negotiate An Affiliate/Affinity Wireless Program

Teleplus drafted the Consulting Services Agreement. It requested an opportunity to negotiate the Affiliate/Affinity Program, which Teleplus promised would bring an substantial additional revenue stream to Conseco and derivatively, Teleplus. The portion of the contract relating to Teleplus' duties regarding the Affiliate/Affinity Program states:

> In addition, Teleplus will analyze the presently available contract tariff(s) or other options that Teleplus believes would help Client establish an effective affiliate/affinity program for the constituency of Client. Teleplus agrees to provide management services to help run an affiliate/affinity program.

Consulting Services Agreement at 1. Conseco owed compensation to Teleplus under the following conditions:

> SCHEDULE B:
>
> If Client accepts the recommended affiliate/affinity program, related to Client's wireless and ISP services, Client will pay to Teleplus, thirty percent (30%) of the credits and/or additional discounts Client received from the carrier(s) arising from the telecommunications services (none of which are

> encompassed in Schedule A) to members of the affiliate/affinity group, as long as Client receives such credits and/or additional discounts from the carrier(s) to the extent they are a result of Teleplus recommendations under this agreement. There shall be no cap on the amount of these payments and such payments shall continue as long as such credits and/or additional discounts are earned and a New Tariff is in place.

Consulting Services Agreement at 2. Conseco was wary of Teleplus' predictions of a boundless flow of easy money, but ultimately Teleplus persuaded Conseco to allow Teleplus to try to convince a wireless carrier to take a chance on this kind of program – which Teleplus admits had never before been successfully implemented. For its part, Conseco was never presented with the actual option, since no wireless carrier ever offered Conseco an Affiliate/Affinity Program.

**B. The Complete Lack of Evidence Supporting the Existence of an Affiliate/Affinity Program Makes the Claim Irrelevant and Potentially Prejudicial**

Much discovery has been exchanged between the parties regarding the three contracts Teleplus was retained to negotiate. No evidence whatsoever exists to support a claim that Conseco ever entered into an affiliate program, much less one secured by Teleplus, or even substantially similar to one that Teleplus recommended; the simple and undisputed truth is that Teleplus could not obtain a single proposal from a single carrier that Conseco could have implemented.

In order to establish that no such program ever existed, Conseco provided Teleplus with the wireless bills attributable to the Verizon contract signed in November 2001, a contract which contained no provisions regarding an affiliate/affinity program. The bills

showed traffic well into the 2003, far past the 12 month timeframe for Teleplus to claim recovery for an Affiliate/Affinity Program, if one existed, under the very clear terms of the contract. The affidavit of Conseco Vice President Kevin Wirthwein verifies that Conseco did not enter into, and has never entered into, an Affiliate/Affinity Program as proposed by Teleplus.

The claim of an Affiliate/Affinity Program therefore should be excluded from trial. There is absolutely no evidence that such a program ever existed. Absent the existence of an actual Affiliate/Affinity Program, any discussion of a claim against Conseco based on such a program is in the first instance patently irrelevant. Federal Rule of Evidence 401 defines "Relevant Evidence." It states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Federal Rule of Evidence 402 provides that evidence that is not relevant is not admissible. See also In re New World Inns, Inc., & Bonhiver, v. Peoples Bank of Trenton, 555 F.2d 662 (8th Cir. 1977) (Evidence of alleged fraud was irrelevant and properly excluded when it did not show that the loan in question was made to defendant.); International Surplus Lines Insurance Co. v. Fireman's Fund Insurance Co., 998 F.2d 504, 508 (Evidence that is not probative of any relevant issue is properly excluded.). Given Teleplus' failure to articulate a claim for damages related to the Affiliate/Affinity Program, any accusations by Teleplus that Conseco somehow prevented the Program from presenting any meaningful contribution at trial

Even if evidence related to Teleplus' *attempt to negotiate* an Affiliate/Affinity Program were relevant, it should still be excluded because any probative value is outweighed by its unfair prejudice. That is, Teleplus appears intent on creating a smokescreen of its supposed efforts to obtain an Affiliate program to obscure the fact that no such program ever in fact materialized. Federal Rule of Evidence 403 provides that evidence which is otherwise relevant "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." District courts have broad discretion under Federal Rule of Evidence 403 to exclude probative, but unfairly prejudicial evidence. United Fire and Casualty Co. v. Historic Preservation Trust, 265 F.3d 722, 728 (8th Cir. 2001). Fortune Funding, LLC v. Ceridian Corp., 368 F.3d 985, 990 (8th Cir. 2004) (Evidence with little or no probative value is properly excluded). Allowing Teleplus counsel and witnesses to introduce innuendo about such a program and its potential benefits, since it cannot provide actual evidence, would confuse the jury and unfairly prejudice Conseco.

**CONCLUSION**

Discovery is complete. Teleplus has failed to produce any evidence whatsoever to support a claim that it is entitled to compensation for a so-called Affiliate/Affinity Program. No such program ever existed. Accusations related to the Affiliate/Affinity Program would be highly prejudicial and therefore, should be excluded.

Dated: June 27 , 2005

DORSEY & WHITNEY LLP

By __s/ Shannon M. Heim__________________
Robert E. Cattanach (0153734)

Shannon M. Heim (0309771)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

***Attorneys for Conseco Services, LLC***