**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Teleplus Consulting, Inc.,

Plaintiff,

v.

Civil File No. 02-CV-212 (JNE/JGL)

Conseco Services, LLC,

Defendant.

**CONSECO'S MEMORANDUM IN SUPPORT OF CONSECO'S MOTION IN LIMINE TO EXCLUDE LAY OPINION EVIDENCE REGARDING TELEPLUS DAMAGES**

Defendant Conseco Services, LLC ("Conseco") hereby moves this Court in limine for an order excluding any lay opinion evidence regarding the calculation of damages.

**FACTS**

In 2001, Conseco and Teleplus Consulting, Inc. ("Teleplus") entered into a telecommunications consulting contract (the "Contract") whereby Teleplus agreed to negotiate telecommunications contracts on Conseco's behalf. Conseco sought to renegotiate its telecommunications contracts because the rates contained in those contracts were significantly above market and Conseco was unable to meet its obligation to buy volume services under its existing contracts resulting in a significant shortfall. After several months of negotiations, Teleplus was unable to deliver a contract, and its

abrasive strategy alienated Conseco's telecommunications vendors. Conseco was forced to discharge Teleplus and hire a law firm to negotiate its telecommunications contracts.

Teleplus sued Conseco claiming the full amount of contingent consulting fees provided in the contract as damages. Teleplus failed to designate an expert witness although the contingent nature of the fees claimed by Teleplus and the calculation of savings required to determine those fees require specialized knowledge. Conseco anticipates Teleplus will attempt to introduce lay opinion testimony, subject to Federal Rule of Evidence 701, to prove its damages.

## ARGUMENT

Teleplus has failed to designate an expert witness to offer opinion testimony regarding the calculation of its damages, any attempt by Teleplus to offer opinion testimony from a non expert would violate the requirements of Rule 702 of the Federal Rules of Evidence, as well as this Court's pre-trial order concerning the disclosure of expert reports. Conseco respectfully requests such lay opinion testimony be excluded from trial.

### A. Rule 701 of the Federal Rule of Evidence Limits Lay Opinion Testimony

The contract between Teleplus and Conseco call for Teleplus' fees to be a percentage of "savings" realized by Conseco. The savings are calculated by comparing the rates contained in Conseco's 2000 contract with AT&T and the rates allegedly

negotiated by Teleplus.[1] Teleplus alleges that the calculation of savings begins with the variable rates contained in the 2000 AT&T contract. Since Conseco was never billed under that contract, those calculations are speculative and require a degree of expertise upon which to opine. Further, Teleplus has produced summary charts which in essence provide opinion testimony regarding the effect of certain escalation changes contained in Conseco's prior contracts with AT&T.

Rule 701 of the Federal Rules of Evidence restricts lay opinion testimony. That Rule provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

In December of 2000, an amendment to Rule 701 took effect that added subpart (c). "The amendment makes clear that any part of a witness'[s] testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 . . . ." Fed. R. Evid. 701 advisory committee's note (2000 Amendments), reprinted in 28 U.S.C.A. Rule 701 (2001). Thus, any testimony by Teleplus' lay witnesses concerning the calculation of contractual savings are subject to the requirements of Rule 702. Id.; see Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co., 199 F.R.D. 320, 325-26 (D. Minn. 2000); see also

1 Conseco disputes that Teleplus successfully negotiated a new contract tariff as required under the consulting contract between the parties. Conseco further disputes the methodology used to calculate the damages claimed by Teleplus. This Motion presumes for the purposes of this Motion that Teleplus nevertheless will attempt to offer at trial non expert opinions regarding damages.

United States v. Peoples, 250 F.3d 630, 641 & n.3 (8th Cir. 2001) ("Lay opinion testimony is admissible only to help the jury or the court to understand the facts about which the witness is testifying and not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.").

In Asplundh Mfg. Div. v. Benton Harbor Eng'g, cited with approval in the Advisory Committee Notes to the 2000 amendment of Rule 701, Fed. R. Evid. 701 advisory committee's note (2000 Amendments), the Third Circuit explained: "While we are careful not to suggest that Daubert applies to Rule 701, we believe that its spirit also counsels trial judges to carefully exercise a screening function with respect to Rule 701 opinion testimony when the lay opinion offered closely resembles expert testimony." Asplundh Mfg., 57 F.3d 1190, 1202 (3d Cir. 1995).

Teleplus apparently failed to designate or report through oversight, and is expected to attempt to remedy that oversight by presenting that opinion testimony via one of its lay witnesses. See Affidavit of Shannon M. Heim, Damages Report of William Hansen, attached. Teleplus has not offered sufficient information to suggest through which witness it will seek to proffer the lay opinion, but Conseco submits that neither of the primary witnesses offered by Teleplus, David Steen and Bill Hansen, possess the education or expertise required by Rule 702.

The court in Asplundh further noted that "[i]t is clear, therefore, that in appropriate circumstances a trial court should exclude proffered evidence, otherwise admissible as relevant under Fed. R. Ev. 401, on grounds that the witness's knowledge and the

consequent basis for his or her rational perception are insufficient under the rule." Asplundh Mfg., 57 F.3d at 1202. Ultimately, the court held that the witness in question should not have been permitted to testify to the degree he did because he did not have the education or personal experience to show that his opinion was rationally derived from his observations. Id. at 1202, 1205. The court concluded that the error in allowing his testimony was not harmless and therefore remanded for further proceedings. Id. at 1203-07.

**B. Complicated Damages Calculations Often Require Expert Testimony**

Courts frequently permit expert testimony related to damages. The principal basis is that expert testimony relating to damages will frequently assist the trier of fact because damage calculations typically involve complex accounting and/or mathematics. See, e.g., Norfolk & W. Ry. Co. v. Liepelt, 444 U.S. 490 (1980) (expert testimony of economist on future income calculation); McGowne v. Challenge-Cook Bros., Inc., 672 F.2d 652 (8th Cir.) (expert testimony of economics professor regarding damages issue). As discussed above, the savings calculations proffered by Teleplus involve a variable rate of savings requiring complicated analysis and an inherent element of speculation. This type of testimony is more appropriately offered by an expert witness. Given Teleplus' decision not to designate an expert witness, Conseco requests that Teleplus not be afforded an opportunity to skirt the requirements of federal procedure and offer inappropriate lay opinion testimony.

## CONCLUSION

Teleplus' witnesses do not meet the requirements of Rule 701 of the Federal Rules of Evidence and such lay opinion evidence regarding damages should, therefore, should be excluded.

Dated: June 27 , 2005

DORSEY & WHITNEY LLP

By _s/Shannon M. Heim_
Robert E. Cattanach (0153734)
Shannon M. Heim (0309771)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

***Attorneys for Conseco Services, LLC***